Michael Allen DAY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 63366.

Missouri Court of Appeals, Western District.

Sept. 14, 2004.

Craig A. Johnston, Columbia, MO, for appellant.

Deborah Daniels, Assistant Attorney General, Jefferson City, MO, for respondent.

Before BRECKENRIDGE, P.J., SMART and HOWARD, JJ.

PATRICIA BRECKENRIDGE, Presiding Judge.

Michael Day appeals the denial of his Rule 24.035 motion for post-conviction relief. Mr. Day pled guilty to the class C felony of possession of a controlled substance, under section 195.202, RSMo 2000;[1] the class D felony of endangering the welfare of a child, under section 568.045; and the class B felony of the manufacture of methamphetamine, a controlled substance, under 195.211, and was sentenced to concurrent terms of seven, five, and ten years, respectively. He subsequently filed a *pro se* post-conviction motion, which was superseded by an amended motion. In his amended motion, he claimed that he received ineffective as-

sistance of counsel because his plea counsel did not thoroughly discuss the charges filed against him and did not provide him with discovery, so that he did not have a complete understanding of the evidence and charges filed against him when he pled guilty. As a result, he claimed that his pleas of guilty were not voluntary. His motion was denied without an evidentiary hearing.

On appeal of that denial, Mr. Day claims that the motion court clearly erred in overruling his amended motion because it failed to make adequate findings of fact and conclusions of law, as required by Rule 24.035(j). He also claims that the motion court clearly erred in denying his motion without determining whether he was abandoned by post-conviction counsel, since his amended motion was untimely filed. Because the motion court's order is not in compliance with Rule 24.035(j), the judgment is reversed and the cause is remanded to the motion court with directions to make the required findings of fact and conclusions of law. On remand, the motion court should also consider whether the amended motion was untimely filed and, if so, whether Mr. Day was abandoned by his post-conviction counsel.

**Factual and Procedural Background**

Mr. Day pled guilty to the felonies of possession of a controlled substance, endangering the welfare of a child, and manufacture of methamphetamine, a controlled substance, on February 25, 2003. He was sentenced to concurrent terms of seven, five, and ten years, respectively. Mr. Day was then delivered to the Missouri Department of Corrections on February 28, 2003. After his delivery to the Department of Corrections, Mr. Day filed, on April 21, 2003, a *pro se* motion to vacate, set aside,

---

1. All statutory references are to Revised Statutes of Missouri 2000.

or correct his judgment and sentence, under Rule 24.035. On that same date, the motion court appointed counsel for Mr. Day and granted motion counsel thirty days from that date, and an additional thirty-day extension, in which to file an amended motion. The transcript of his guilty plea and sentencing was filed on May 12, 2003. Counsel filed an amended motion on July 14, 2003, sixty-three days after being appointed. In his amended motion, Mr. Day asserted that his plea counsel was ineffective because plea counsel failed to thoroughly discuss the charges filed against him and did not share discovery so that Mr. Day did not have sufficient information to make an informed decision. As a result, Mr. Day claimed that his pleas of guilty were involuntary.

In response, the State filed a motion to dismiss, asserting that the amended motion failed to state facts to support relief under Rule 24.035 and that Mr. Day's claims were refuted by the record. The motion court denied both the pro se and amended motions in a docket entry which states, in its entirety:

19–Aug–2003 **Motion Hearing Held**

Comes State by PA, Don Stouffer and defendant by Attorney, Stephen Harris. State's Motion to Dismiss Movant's Pro Se Motion to Vacate, Set Aside or Correct the Judgment or Sentnece [sic] and Amended Motion to Vacate, Set Aside or Correct the Judgment or sentence is granted by the Court.

**Dismiss by Ct w/ Prejudice**

Mr. Day appeals.

## Standard of Review

■ This court's review of the denial of a Rule 24.035 motion is limited to a determination whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). The motion court's findings and conclusions are "clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made." *Amrine v. State,* 785 S.W.2d 531, 533 (Mo. banc 1990).

## Findings of Fact and Conclusions of Law Insufficient

■ In his first point on appeal, Mr. Day challenges the adequacy of the motion court's findings of fact and conclusions of law, as required by Rule 24.035(j). Specifically, he asserts that the motion court's docket entry denying his post-conviction motion contained no findings of fact or conclusions of law and, as a result, is not sufficient to allow meaningful review of the denial. This court agrees.

The requirements for the findings of fact and conclusions of law in an order adjudicating a post-conviction motion were set out in *Gaddis v. State,* 121 S.W.3d 308, 311 (Mo.App.2003):

The directives of Rule 24.035(i), its companion Rule 29.15(i), and its predecessor Rule 27.26(i) are clear and unambiguous; the requirements are not a mere formality. A mere statement that the motion, files, and records conclusively show no entitlement to post-conviction relief fails to constitute the requisite findings contemplated by the rule. Meaningful appellate review is premised upon sufficiently specific findings of fact and conclusions of law which are responsive to the movant's claims. Under Rule 24.035(j), appellate review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. A denial of a post-conviction motion supported neither by factual findings nor by legal explanation provides nothing for appellate review. Supplying the necessary findings and conclusions by implication would constitute an improper de novo review on

appeal. Failure to issue findings and conclusions as contemplated by Rule 24.035(i) mandates reversal and remand.[2]

(quoting *Brown v. State,* 810 S.W.2d 716, 717–18 (Mo.App.1991)) (citations omitted).

Here, the judgment challenged by Mr. Day does not contain any findings of fact or conclusions of law and, in fact, consists of only two sentences. While the State concedes that the motion court erred in failing to issue findings of fact and conclusions of law, it argues that reversal is not required. The State claims that "the court will not order a useless remand to direct the motion court to enter a proper conclusion of law on an isolated issue overlooked by the motion court where it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand." In the next three pages of the its brief, the State sets out its bases for arguing that Mr. Day is not entitled to relief on his post-conviction motion.

The State is correct that there are situations in which the failure of the motion court to make all the findings of fact and conclusions of law required by Rule 24.035 does not warrant reversal. The Supreme Court has recognized two such situations: "(1) when the only issue before the court is one of law, findings of fact are not required, if conclusions of law are made; (2) where the motion court conducted a hearing on a post-conviction motion and no substantial evidence was presented to support the allegation upon which the court failed to make findings." *Gaddis,* 121 S.W.3d at 312 (citing *Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993)). Neither of these situations is applicable here be-cause the motion court did not make any conclusions of law and there is no record of an evidentiary hearing or a waiver of such a hearing.

The Eastern District of this court has articulated three additional exceptions to the findings and conclusions requirement of Rule 29.15, which apply equally to a Rule 24.035 proceeding. These are where: (1) the court failed to "issue a proper conclusion of law on an isolated issue" and it is clear that the movant is entitled to no relief, as a matter of law, and will suffer no prejudice if a remand is denied; (2) there were issues "that were not properly raised or are not cognizable in a post-conviction motion;" and (3) "the motion itself was insufficient." *Bowens v. State,* 18 S.W.3d 118, 120 (Mo.App.2000).

It is the first of these exceptions that the State claims governs, that the motion court failed to "issue a proper conclusion of law on an isolated issue." The motion court's failure to comply with the requirement of Rule 24.035(j) for findings and conclusions was not on an isolated issue. The motion court did not make findings of fact or conclusions of law on any issue. Therefore, the motion court failed to comply with the requirements of Rule 24.035(j), and its judgment must be reversed.

On remand, the parties and the court should consider only the amended motion, and not Mr. Day's *pro se* motion, assuming that the amended motion was timely filed. The amended motion supersedes Mr. Day's *pro se* motion and renders it a nullity. *Leach v. State,* 14 S.W.3d 668, 670–71 (Mo.App.2000). In fact, Rule 24.035(g) prohibits the amended motion from incor-

---

2. The applicable Rules were amended in 1996 such that the requirements for findings of fact and conclusions of law contained in subsection (i) are now located in subsection (j) of Rules 24.035 and 29.15. And the standard for appellate review previously in subsection (j) is now in subsection (k) of the Rules.

porating any material in any previously filed motion. Therefore, the allegations of a timely-filed amended motion would be the only matters before the motion court.

### Timeliness of Amended Motion Remanded

Mr. Day claims in his second point that the motion court erred in denying his Rule 24.035 motion, without determining whether he was abandoned by post-conviction counsel, since the amended motion was filed out of time. In his claim that the amended motion was filed out of time, Mr. Day suggests that his amended motion was filed on the sixty-third day, three days after the sixty-day deadline.

Rule 24.035(g) establishes the time permitted for filing an amended Rule 24.035 motion. It provides that:

> If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Since Mr. Day was represented by appointed counsel, the provisions of (1) apply, rather than (2). Counsel was appointed on April 21, 2003, but the transcript of the guilty plea and sentencing hearing was not filed until May 12, 2003. Therefore, the date that both the counsel had been appointed and the transcript had been filed was May 12, 2003. Under the provisions of 24.035(g), the amended motion would have been due on July 11, 2003, sixty days later. It was not filed until July 14, 2003.

The State argues that a reasonable interpretation of the motion court's order appointing counsel is that it granted an additional thirty days for filing the amended motion. The motion court, after appointing counsel, ordered that "[t]he public defender is granted thirty days from the date of this appointment, and an additional 30-day extension of time as provided in the rule in which to file the amended motion, if necessary." The State recognizes that Rule 24.035(g) allows sixty days, not thirty, as the motion court's order states. Nevertheless, the State argues that the motion court intended to grant a thirty-day extension beyond the initial time period permitted by the rule.

The motion court's order could be read as intending to grant Mr. Day thirty days in addition to the original time permitted by the Rule for filing an amended motion, as argued by the State. Under this interpretation, Mr. Day would have had ninety days to file his amended motion, and it would be timely filed. The court's order could also be interpreted as intending to grant Mr. Day a total of sixty days in which to file his amended motion. In that case, the filing of his amended motion would be untimely. Generally, when called upon to determine the meaning of a judgment, " 'this court makes its own independent assessment, since "[c]onstruction of a court order is a question of law." ' " *Garner v. State*, 62 S.W.3d 716, 719 (Mo. App.2001) (quoting *Am. Family Mut. Ins. Co. v. Hart*, 41 S.W.3d 504, 509 (Mo.App. 2000)). In this case, however, since the denial of Mr. Day's post-conviction motion has been reversed and the cause is being remanded to the motion court, the motion court can clarify what it intended in its order of April 21, 2003. If it intended that Mr. Day have only a total of sixty days to file his amended motion, then it shall determine whether Mr. Day was abandoned by his post-conviction counsel. *See Moore*

*v. State,* 934 S.W.2d 289, 290–92 (Mo. banc 1996).

## Conclusion

Because the motion court did not issue an order adjudicating Mr. Day's post-conviction motion that contains findings of fact and conclusions of law, the judgment is reversed and the cause is remanded for the issuance of findings of facts and conclusions of law, as required by Rule 24.035(j). Prior to making findings of fact and conclusions of law, it is necessary that the motion court determine whether it is adjudicating the amended motion or Mr. Day's *pro se* motion, so the court shall first review the timeliness of Mr. Day's amended motion and proceed on the matter as appropriate.

All concur.