**Marcus D. IVORY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 65867.**

Missouri Court of Appeals,
Western District.

Jan. 16, 2007.

Reversed and remanded.

Karen Bourgeois, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Assistant Attorney General, Jefferson City, MO, for respondent.

Before SMART, P.J., and EDWIN H. SMITH and HARDWICK, JJ.

EDWIN H. SMITH, Judge.

Marcus D. Ivory appeals from the denial, after an evidentiary hearing, of his Rule 24.035 [1] motion for post-conviction relief

---

1. All rule references are to the Missouri Rules of Criminal Procedure, 2006, unless otherwise indicated.

seeking to vacate, set aside or correct the judgment of his conviction for possession of a controlled substance with intent to deliver, in violation of Section 195.211.[2] The appellant pled guilty to that offense in the Circuit Court of Callaway County and was sentenced to a term of imprisonment in the Missouri Department of Corrections of fifteen years.

The appellant raises one point on appeal. He claims that the motion court erred in denying his Rule 24.035 motion, finding that his plea of guilty was voluntary, because the court was clearly mistaken in its findings of fact and conclusions of law that his plea was not rendered involuntary by the State's breach of its promise to recommend that he be sentenced to a term of ten years.

Because we find that the motion court, in violation of Rule 24.035(j), failed to make specific findings of fact and conclusions of law with respect to whether the State promised to recommend a sentence of ten years in prison and breached that promise, rendering the appellant's plea involuntary, preventing us from engaging in meaningful appellate review of that issue, we reverse the order of the motion court and remand the case to it to enter the required findings and conclusions.

We reverse and remand.

### Facts

The appellant was charged, in the Circuit Court of Callaway County, by information *in lieu* of an indictment, with possession of a controlled substance with the intent to deliver, in violation of Section 195.211. The State alleged that in March of 2003, the appellant knowingly delivered more than five grams of marijuana to an undercover police officer.

The appellant's trial counsel and the Assistant Prosecutor of Callaway County, April Wilson, entered into plea negotiations on the charged offense. At some point, Wilson offered, in return for the appellant's plea of guilty, to recommend a prison sentence of ten years *without probation*. Hoping to receive probation, the appellant rejected the offer. The appellant's trial counsel advised the appellant that in rejecting the plea offer of the State, his plea of guilty would essentially be an open-ended plea.

On September 13, 2004, the appellant pled guilty to the offense of possession of marijuana with the intent to deliver, as charged. Robert Sterner, the Callaway County Prosecutor, rather than Wilson, appeared on behalf of the State. In accepting the appellant's plea of guilty, the trial court, in accordance with Rule 24.02(c), determined that the plea was "voluntary and not the result of force or threats or of promises apart from a plea agreement." As to a plea agreement, the trial court inquired of the appellant, as required by Rule 24.02(c), whether he was pleading guilty pursuant to a plea agreement. The appellant's trial counsel responded that there was no formal plea agreement for the trial court to accept or reject in accordance with Rule 24.02(d), but that it was the defense's understanding that the State was going to recommend a sentence of ten years in prison without parole. Sterner confirmed that the State would be recommending a sentence of ten years without probation. In seeking probation, the appellant requested a pre-sentence investigation (PSI) to be conducted in accordance with Rule 29.07. Accordingly, the trial court ordered a PSI to be conducted by Probation and Parole.

At the appellant's sentencing on October 10, 2004, Sterner, appearing on behalf of

---

**2.** All statutory references are to RSMo, 2000, unless otherwise indicated.

the State, made no recommendation as to sentencing. However, he did state: "[A]t the time, [the defendant] pleaded, we said ten years. I have now read the presentence investigation. And I think we have to leave it up to the Court. They asked for an open plea. And I'd have to leave it up to the Court, Judge." Taking into consideration the appellant's PSI, the trial court sentenced him to a prison term of fifteen years. Immediately thereafter, pursuant to Rule 29.07(b)(4), the trial court examined the appellant as to the assistance of counsel he received. The court concluded that no probable cause existed to believe that the appellant received ineffective assistance of counsel.

On March 14, 2005, the appellant timely filed a *pro se* Rule 24.035 motion for post-conviction relief. On June 30, 2005, appointed counsel for the appellant filed an amended Rule 24.035 motion alleging, *inter alia*, that the appellant's plea was rendered involuntary because the State breached its promise to recommend that the appellant be sentenced to a term of ten years, without probation. The appellant alleged that despite his refusal of the State's plea agreement, the State had promised to make the recommendation of a ten-year sentence in prison and that it had broken that promise by making no recommendation, rendering his plea involuntary, in that in pleading guilty, he relied on the State's promise.

On July 14, 2005, the motion court held an evidentiary hearing on the appellant's motion, at which he and his trial counsel both testified that it was their understanding that the State, despite the appellant's rejection of the plea offer, had promised, in any event, to recommend a sentence of ten years in prison, without probation. On July 15, 2005, the motion court issued its findings of fact and conclusions of law, and entered an order denying the appellant's amended motion.

This appeal follows.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 24.035(k); *Hubbard v. State,* 31 S.W.3d 25, 33 (Mo.App.2000). Findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Hubbard v. State,* 31 S.W.3d at 33.

### I.

█ In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 24.035 motion, finding that his plea of guilty was voluntary, because the court was clearly mistaken in its findings of fact and conclusions of law that his plea was not rendered involuntary by the State's breach of its promise to recommend that he be sentenced to a term of ten years. Specifically, he claims that the evidence at the motion hearing conclusively established that his plea was involuntary in that it showed that he entered his plea of guilty based on the State's promise to recommend a sentence of ten years in prison and the State breached that promise by making no recommendation at the sentence hearing.

█ It is well settled in the law that: "When a plea [of guilty] rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Eckhoff v. State,* 201 S.W.3d 52, 55 (Mo.App.2006) (citing *North v. State,* 878 S.W.2d 66, 67 (Mo.App.1994)). And, if the prosecutor fails to live up to such a promise or

breaches such an agreement, the defendant is entitled to post-conviction relief. *Id.* This relief can consist of either specific performance of the promise, requiring resentencing before a different judge, or allowing the defendant to withdraw his guilty plea. *Evans v. State,* 134 S.W.3d 725, 727–28 (Mo.App.2004).

Here, the appellant alleged in his Rule 24.035 motion that the State promised that if he pled guilty to possession of a controlled substance with intent to deliver, in violation of Section 195.211, it would recommend a sentence of ten years in prison. He further alleged that the State broke that promise by making no recommendation at the sentence hearing. At the motion hearing, the appellant and his counsel both testified that it was their understanding that the State had promised to recommend a sentence of ten years if he pled guilty to the offense. Specifically, counsel testified that: "Then when I talked with Ms. Wilson, the assistant prosecutor, she said she would make the same recommendation, even if it was essentially an open plea. And I told him that in writing. That they were going to stick with their recommendation of 10 years." The appellant testified that: "That was my understanding, that if I still pled guilty, and went for probation, that the 10 would remain the same. The recommendation for the 10 would remain the same." Thus, the record of the motion hearing would support the fact that the issue of whether the State had breached a promise to recommend a sentence of ten years in prison without probation by making no recommendation was squarely before the motion court.

■ Rule 24.035(j) provides, in pertinent part, that: "The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." "There is no precise formula to which findings of fact and conclusions of law must conform." *State v. Taylor,* 929 S.W.2d 209, 223 (Mo. *banc* 1996) (*quoting Conway v. State,* 883 S.W.2d 517, 517 (Mo.App.1994)). However, Rule 24.035(j) has been interpreted as requiring the motion court to issue findings of fact and conclusions of law sufficient to allow the appellate court to conduct a meaningful appellate review. *Mitchell v. State,* 192 S.W.3d 507, 509 (Mo. App.2006). This court will not supply the necessary findings of fact and conclusions of law, because that would constitute an improper *de novo* review on appeal, in direct contravention of Rule 24.035(k). *Day v. State,* 143 S.W.3d 690, 692–93 (Mo. App.2004).

In denying the appellant's motion, the motion court, in its findings of fact, found that:

1. On September 13, 2004, Movant entered a plea of guilty to the charge of possession of a controlled substance with intent to deliver as a prior drug offender.

2. Movant was represented by Counsel Mr. Stan Clay.

3. Movant rejected the State's offer of a plea for a ten (10) year sentence and no probation.

4. Movant understood that the range of punishment as [a] prior drug offender for the offense of possession of a controlled substance with intent to deliver was ten (10) to thirty (30) years or life.

5. Movant understood that the Court could sentence him to any term within the range of punishment.

6. Movant was not promised he would be sentenced to long term drug treatment pursuant to Chapter 217, RSMo upon entry of a plea of guilty.

7. Initially the State indicated it would be recommending a ten (10) year sentence and be opposed to probation.

8. After return of the Pre–Sentence Investigation, the State made no recommendation at the time of sentencing except to oppose probation.

9. At the time of his plea, Movant admitted delivering 24.3 grams of marijuana and that on May 19, 1997 he pled guilty to the felony of possession of a controlled substance. At the time of his prior plea, Movant was represented by counsel.

In its findings, the motion court never found whether the prosecutor had promised and agreed to recommend a sentence of ten years in return for the appellant's plea of guilty, *after* the appellant had rejected the State's plea bargain offer, and had breached that promise by making no recommendation, as claimed by the appellant in his Rule 24.035 motion. The only finding having any real connection to the appellant's allegation that a promise to recommend a sentence of ten years was made and was breached is finding 7. However, that finding only addresses the issue of whether there "initially" was an "indication" that the State would recommend a sentence of ten years. It does not address the appellant's allegation that at the time he pled guilty to the offense charged, the State had promised to recommend a sentence of ten years and failed later to do so.

The motion court's conclusions of law also do not address the appellant's claim. In its conclusions of law, the motion court concluded:

1. The Court was not bound by any sentence recommended by the State which was not part of a plea bargain.

2. Movant's plea had a factual basis.

3. There was no plea bargain between Movant and the State.

4. Movant's plea of guilty was voluntary.

None of these conclusions specifically address whether the State had promised to recommend a sentence of ten years and breached that promise. While the court correctly found that there was no formal plea bargain between the State and the appellant, in accordance with Rule 24.02(d), requiring the court to either accept or reject the plea, so that the appellant's plea was essentially an open-ended plea, the court made no conclusion on the appellant's claim that, even though it was an open-ended plea, the State had promised to recommend a ten-year sentence at sentencing and had breached that promise by making no recommendation. The only conclusion having any real connection to the appellant's claim is its general conclusion that "[m]ovant's plea of guilty was voluntary." Such a conclusion, without any explanation of why it was voluntary, is essentially nothing more than a conclusion that his claim should be denied. This is so in that once a defendant pleads guilty, the only relevant issue is whether he knowingly and voluntarily waived his right to trial by pleading guilty. *See White v. State*, 957 S.W.2d 805, 807 (Mo.App.1997).

 As a general rule, where the motion court fails, as here, to make findings of fact and conclusions of law, as required by Rule 24.035(j), we are required to remand the case back to the court for the requisite findings and conclusions. *Copeland v. State*, 190 S.W.3d 545, 548 (Mo. App.2006). However, the Supreme Court has recognized two exceptions to this general rule. Remand is not necessary:

(1) when the only issue before the court is one of law, findings of fact are not required, if conclusions of law are made;
(2) where the motion court conducted a hearing on a post-conviction motion and

no substantial evidence was presented to support the allegation upon which the court failed to make findings.

*Gaddis v. State,* 121 S.W.3d 308, 312 (Mo. App.2003). Neither of the exceptions applies in this case such that remand to the motion court would still be required, absent the application of any other recognized exception.

In addition to the two exceptions recognized by the Supreme Court, the Eastern District has recognized three additional exceptions. *Mitchell v. State,* 192 S.W.3d at 509. Remand is not necessary where: (1) the court failed to make a conclusion of law on an isolated issue on which it is clear that the movant is entitled to no relief, as a matter of law, such that he will suffer no prejudice if a remand is denied; (2) the court failed to make findings and conclusions on issues that were not properly raised or were not cognizable in a post-conviction motion; and (3) the motion itself is insufficient. *Id.* None of those exceptions apply such that we are required to remand.

## Conclusion

The motion court's order denying the appellant's Rule 24.035 motion for post-conviction relief, after an evidentiary hearing, is reversed, and the case is remanded to the trial court to enter its findings of fact and conclusions of law in accordance with Rule 24.035(j) and this opinion.

SMART, P.J., AND HARDWICK, J., concur.