**Morris E. GRIMES, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 67870.

Missouri Court of Appeals,
Western District.

Jan. 29, 2008.

S. Kate Webber, Kansas City, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before PAUL M. SPINDEN, Presiding Judge, JAMES SMART, Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Morris Grimes appeals from the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. For the following reasons, the judgment is reversed.

On November 14, 2003, Appellant was charged by indictment in the Circuit Court of Jackson County with two counts of second-degree domestic assault, § 565.073,[1] stemming from an incident on October 23, 2003, involving his brother and sister. The indictment charged Appellant as a prior offender under § 558.016 and a persistent domestic violence offender under § 565.063.1.

On April 13, 2004, pursuant to a plea agreement, Appellant appeared before the circuit court to enter a plea of guilty to both counts. In exchange for his plea of guilty, the State filed an information removing the allegations related to Appellant's status as a prior offender and a persistent domestic violence offender. The State further agreed to recommend concurrent seven-year sentences, execution to be suspended, with a five-year probationary term. After questioning Appellant about his understanding of the guilty pleas and the rights he would be waiving by pleading guilty, the court found his pleas to be entered freely and voluntarily and accepted those pleas. The court then sentenced Appellant in accordance with the plea agreement.

After he later violated the terms of his probation, Appellant's probation was revoked, and he was delivered into the custody of the Missouri Department of Corrections on November 19, 2004. Appellant timely filed a *pro se* motion for post-conviction relief under Rule 24.035. An amended motion was subsequently filed by appointed counsel.

On October 6, 2006, the motion court entered its order denying Appellant's post-conviction motion without an evidentiary hearing. The text of the order stated, in its entirety:

On January 19, 2005, Movant filed, pro se, his Motion to Vacate, Set Aside or Correct the Judgment or Sentence. On August 18, 2006, Movant, through counsel, filed an Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence Pursuant to Supreme Court Rule 24.035. The State filed its Motion in Opposition to the Amended Motion on October 5, 2006. Now for good cause shown and being fully advised in the premises, the Court DENIES the Motion and Amended Motion.

IT IS SO ORDERED.

In his sole point on appeal, Appellant contends that the motion court erred in failing to enter any findings of fact or conclusions of law related to the issues raised in his motion. "Rule 24.035(j) provides, in pertinent part, that: 'The [motion] court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held.'" *Ivory v. State*, 211 S.W.3d 185, 189 (Mo.App. W.D.2007). While "[t]here is no precise formula to which findings of fact and conclusions of law must conform," they must address all of the issues raised and be sufficiently specific to allow for meaningful appellate review. *Id.*

"As a general rule, where the motion court fails, as here, to make findings of fact and conclusions of law, as required by Rule 24.035(j), we are required to remand the case back to the court for the requisite findings and conclusions." *Id.* at 190. The case law has recognized five circumstances under which the deficient findings and/or conclusions do not require reversal: (1) when the only issue before the court is one of law, findings of fact are not required, if conclusions of law are made; (2) where the motion court conducted a hearing on a post-conviction motion and

---

**1.** All statutory references are to RSMo 2000   unless otherwise noted.

no substantial evidence was presented to support the allegation upon which the court failed to make findings; (3) where the court fails to issue a proper conclusion of law on an isolated issue and it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice if remand is denied; (4) there were issues that were not properly raised or are not cognizable in a post-conviction motion; and (5) the motion was insufficient.

*Watts v. State*, 206 S.W.3d 413, 417–18 (Mo.App. S.D.2006) (internal quotations omitted); *see also Ivory*, 211 S.W.3d at 190–91.

The first exception does not apply to the case at bar because the motion court did not make any conclusions of law, and the second exception is not applicable because the motion was denied without a hearing. The third exception is likewise inapplicable because the motion court did not merely fail to issue a conclusion of law on an isolated issue but instead failed to render any findings of fact or conclusions of law on any issue. *Day v. State*, 143 S.W.3d 690, 693 (Mo.App. W.D.2004). With regard to the remaining exceptions, certainly some of the issues raised in Appellant's *pro se* motion are either insufficiently pled or raise issues not cognizable in a post-conviction motion; however, at the very least, the amended motion sufficiently states a cognizable claim that the factual basis for his plea was insufficient to support one of his convictions, and his *pro se* motion asserts that he was not adequately informed of the sentences he would receive and did not understand the plea agreement due to a mental condition. While the State argues that those claims are refuted by the record, that is not one of the recognized reasons for not remanding a case for findings and conclusions where findings and conclusions have not been issued pursuant to Rule 24.035(j). *Watts*, 206 S.W.3d

at 417–18; *see also Ivory*, 211 S.W.3d at 190–91.

"By failing to provide any findings of fact or conclusions of law, the motion court left nothing for a meaningful appellate review." *Mitchell v. State*, 192 S.W.3d 507, 510 (Mo.App. E.D.2006). "[I]f we were to furnish findings of fact and conclusions of law, we would be engaging in *de novo* review which is not permitted under Rule 24.035(k)." *Id.* The judgment is, therefore, reversed and the cause remanded for further proceedings consistent with this opinion and Rule 24.035(j).

All concur.