Rasheed MUHAMMAD, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 93883.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 21, 2010.

Scott Thompson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Evan J. Buchheim, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Presiding Judge.

### Introduction

Movant, Rasheed Muhammad, appeals from the judgment denying his Rule 24.035 motion without an evidentiary hearing. We affirm in part, reverse in part and remand for findings of fact and conclusions of law for one of movant's claims.

### Background

Movant was charged with murder in the second degree and armed criminal action. Movant pled guilty to the two crimes. The court sentenced movant to concurrent terms of twenty-five years' imprisonment for each conviction.

Movant filed a *pro se* Rule 24.035 motion. The motion court appointed counsel and an amended motion was filed. In the amended motion, movant raised two claims. Movant alleged that plea counsel rendered ineffective assistance: 1) by promising him that he would not be sentenced to more than twenty years; and 2) by not advising him that he could defend the charges based on self-defense and that the crime he committed "was no more than manslaughter." The motion court denied the motion without an evidentiary hearing. Movant appeals.

### Discussion

Appellate review of a motion court's ruling on a Rule 24.035 motion is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Roberts v. State,* 276 S.W.3d 833, 835 (Mo. banc 2009). The motion court's findings and conclusions are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Roberts,* 276 S.W.3d at 835.

In his sole point on appeal, movant argues that the motion court clearly erred by not issuing findings of fact and conclusions of law for his second claim in the amended motion. The motion court did issue findings and conclusions for movant's first claim regarding his twenty-year sentence. But the court failed to issue findings and conclusions for movant's second claim regarding self-defense and committing a lesser crime, manslaughter.

Rule 24.035(j) requires the motion court to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." There is no ambiguity in the requirement that a motion court issue findings and conclusions on all issues in a Rule 24.035 motion and the " 'directive and its requirements are not a mere formality.' " *Clayton v. State,* 164

S.W.3d 111, 115 (Mo.App. E.D.2005) (citation omitted). Further, a motion court's findings of fact and conclusions of law must be sufficiently specific to permit meaningful appellate review. *Belcher v. State,* 299 S.W.3d 294, 296 (Mo. banc 2009); *Melton v. State,* 260 S.W.3d 882, 886 (Mo. App. E.D.2008).

However, there are certain recognized exceptions to reversing and remanding for the motion court to issue findings of fact and conclusions of law: (1) if the only issue is one of law, the motion court is not required to make findings of fact but must still make conclusions of law; (2) if the motion court conducted an evidentiary hearing for the post-conviction motion and no substantial evidence was presented to support the allegation for which the court failed to make findings; (3) if the court fails to issue a proper conclusion of law on an isolated issue and it is clear that the movant is not entitled to relief as a matter of law and will suffer no prejudice if remand is denied; (4) if the issues were not properly raised or are not cognizable in a post-conviction motion; and (5) if the motion was insufficient. *Grimes v. State,* 260 S.W.3d 374, 375–76 (Mo.App. W.D.2008); *Mitchell v. State,* 192 S.W.3d 507, 509 (Mo. App. E.D.2006).

Review of the record reflects that none of these exceptions to issuing findings of fact and conclusions of law applies in this case. If we were to furnish findings of fact and conclusions of law for movant's second claim, we would be engaging in *de novo* review and this is not permitted under Rule 24.035(k). *Grimes,* 260 S.W.3d at 376; *Mitchell,* 192 S.W.3d at 510.

### Conclusion

The judgment is affirmed in part, reversed in part and remanded for the motion court to issue findings of fact and conclusions of law for movant's second claim.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concur.