Cynthia L. Martin, Judge
Chad Watson ("Watson") appeals from an order denying his request for post-conviction relief pursuant to Rule 24.035 which claimed that under the holding of State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016),[1] his sentence for stealing should not have been enhanced to a class C felony, and he should instead have been convicted of a class A misdemeanor. We affirm.
Factual and Procedural History
Watson pleaded guilty to the class C felony of stealing. He was placed on probation. Watson's probation was revoked, and *911 he was thereafter sentenced to five years' imprisonment.
Watson timely filed a pro se motion for post-conviction relief pursuant to Rule 24.035. Appointed counsel timely filed an amended motion ("Amended Motion"). The Amended Motion alleged that pursuant to Bazell , Watson's five-year sentence exceeded the maximum punishment authorized by law for what should have been a class A misdemeanor. On May 23, 2017, the Amended Motion was denied by an unsigned, handwritten docket entry that stated "Amended Mot to vacate denied."
On May 26, 2017, Watson filed a motion for reconsideration or to amend the judgment which argued, among other things, that Rule 24.035(j)[2] required the motion court to issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. Pursuant to Rule 78.07(c), Watson asked the motion court to amend its judgment in order to make the required findings and conclusions. On May 30, 2017, the motion to amend the judgment was denied by an unsigned, handwritten docket entry that stated "Mot For Reconsideration denied."
Watson timely filed a notice of appeal.
Analysis
Watson asserts a single point on appeal. He alleges that the motion court clearly erred in denying the Amended Motion because Watson's five-year term of imprisonment exceeded the maximum sentence authorized by law because pursuant to Bazell , Watson's sentence should not have been enhanced to a class C felony and should instead have remained a class A misdemeanor with a maximum one-year term of imprisonment. Before addressing the merits of Watson's point on appeal, we are required to address two procedural issues that potentially impact our authority to entertain this appeal.
Whether the motion court entered a final judgment for purposes of appeal
"Prior to reaching the merit of the issues set forth in this case, this Court must determine, sua sponte , if there is a final judgment." Ndegwa v. KSSO, LLC , 371 S.W.3d 798, 801 (Mo. banc 2012). "A final judgment is a prerequisite to appellate review." Id. "If the [motion] court's judgment was not a final judgment, then the appeal must be dismissed." Id.
Rule 74.01(a) provides in pertinent part that "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." Rule 74.01(a) also provides that "[a] docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document." Rule 74.01(a) thus imposes three requirements on a final judgment: a writing, signed by the judge, and denominated as a judgment. Here, the May 23, 2017 docket entry denying Watson's Amended Motion was in writing, but was neither signed by the motion court nor denominated as a judgment.
It is settled, however, that orders disposing of post-conviction motions are not bound by the denomination requirement set forth in Rule 74.01(a). Although post-conviction proceedings pursuant to Rules 24.035 and 29.15 are civil proceedings, they are "governed by the rules of civil procedure insofar as applicable." Rule 24.035(a); Rule 29.15(a). Thus, "[a]ny rule *912 of civil procedure that conflicts with Rule 29.15 or Rule 24.035 does not govern." State v. Reber , 976 S.W.2d 450, 451 (Mo. banc 1998) (citing Thomas v. State , 808 S.W.2d 364, 366 (Mo. banc 1991) ). Rules 24.035(k) and 29.15(k) provide that "[a]n order sustaining or overruling a motion filed under the provisions of [either rule] shall be deemed a final judgment for purposes of appeal." In Reber , the Supreme Court found this language to be in conflict with the denomination requirement set forth in Rule 74.01(a). 976 S.W.2d at 451. Reber then concluded that the conflicting language in Rule 74.01(a) "runs counter to the purposes of Rule 29.15 [and Rule 24.035]" as "[i]t would only cause delay in the processing of the [post-conviction] claim [to] apply[ ] the denomination requirement of Rule 74.01(a) to post-conviction appeals." Id. As a result, an order disposing of a post-conviction motion filed pursuant to Rules 24.035 or 29.15 need not be denominated as a judgment in order to be final for purposes of appeal. Id.
Reber did not address the signature requirement described in Rule 74.01(a). However, when it addressed the denomination requirement, Reber first compared Rules 24.035 and 29.15 with Rule 74.01(a) to determine whether the provisions were in conflict. Employing the same template, a comparison of Rules 24.035 and 29.15 with the signature requirement described in Rule 74.01(a) does not reveal any conflict. If anything, Rules 24.035(k) and 29.15(k) are expressly co-extensive with a signature requirement as both provide that "[a]ppellate review of the trial court's action on the motion filed under [either Rule] shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." (Emphasis added). A signature ensures that the order being reviewed is, indeed, the trial court's action.
We are cognizant, however, of the Supreme Court's recent decision in Mercer v. State , 512 S.W.3d 748 (Mo. banc 2017). In Mercer , the Supreme Court addressed whether a docket entry denying a section 547.035 motion for post-conviction DNA testing was final for purposes of appeal. Id. at 752. "The docket entry stated: 'Cause called. Mercer's Post Conviction Motions Seeking Forensic DNA Testing overruled and denied.' " Id. "The docket entry did not denominate the ruling as a judgment." Id. In addition, the docket entry "fail[ed] to meet [Rule 74.01(a)'s] definition [of a judgment] because it [was] not signed by the judge." Id. at 757 (Wilson, J., dissenting).
As with Rules 24.035(a) and 29.15(a), section 547.035.1 provides that motions pursuant to the statute are to be "governed by the rules of civil procedure insofar as applicable. " (Emphasis added). Unlike the approach taken in Reber , however, Mercer did not first compare section 547.035 with Rule 74.01(a) to determine if the provisions were in conflict. Instead, Mercer construed the phrase "insofar as applicable" to mean that a conflict exists simply "[i]f a rule of civil procedure conflicts with the purpose of the post-conviction rules," even in the absence of conflict in the provisions. 512 S.W.3d at 752 (emphasis added.) Mercer observed that the purpose of post-conviction rules is "to process prisoners' claims promptly, prevent the litigation of stale claims, and to ensure the legality of a sentence." Id. Mercer thus concluded that "[a]ny delay in dismissing the case merely so the circuit court could denominate its order as a judgment would thwart the purposes of Missouri's post-conviction rules in that it would not lead to a prompt resolution of Mercer's claim or ensure the legality of his conviction and sentence." Id. at 753. Though unmentioned, this rationale applies equally to the order's failure to comply with Rule *913 74.01(a)'s signature requirement. There is no escaping that even though the docket entry in Mercer was neither signed by a judge nor denominated a judgment, the docket entry was deemed a final judgment for purposes of appeal. Id. at 752-53.
We are constrained, therefore, to analogously conclude that Rule 74.01(a)'s signature requirement does not apply to orders denying Rule 24.035 or Rule 29.15 motions. The May 23, 2017 docket entry denying Watson's Amended Motion is a final judgment for purposes of appeal, even though the docket entry was not signed.[3]
Whether the motion court's failure to issue findings of fact and conclusions of law precludes appellate review
Though the May 23, 2017 docket entry is a final judgment for purposes of appeal, it does not include any factual findings or legal conclusions. Rules 24.035(j) and 29.15(j) require a motion court to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Written findings and conclusions are required because appellate review of a motion court's disposition of a post-conviction motion is limited to determining whether the trial court's findings and conclusions are clearly erroneous. See Rule 24.035(k); Rule 29.15(k).
However, error occasioned by a motion court's failure to issue findings and conclusions must be preserved by filing a Rule 78.07(c) motion to amend the motion court's judgment.[4] Watson filed a timely motion to amend the May 23, 2017 docket entry. The motion to amend referenced Rule 78.07(c), noted the absence of findings and conclusions in the May 23, 2017 docket entry, and asked the motion court to amend the judgment to issue findings of fact and conclusions of law as required by Rule 24.035(j).
Notwithstanding the plain language of Rule 24.035(j) and Watson's Rule 78.07(c) motion, the motion court did not amend its May 23, 2017 docket entry, and instead entered another unsigned docket entry on May 30, 2017 summarily denying the motion to amend the judgment. The motion court "inexplicably failed to issue findings of fact and conclusions of law when [Watson] requested them." Mercer , 512 S.W.3d at 754.
Similar to the docket entry in this case, the docket entry in Mercer denied the post-conviction motion for DNA testing without any findings or conclusions. Id. at 750. The Supreme Court concluded that "[w]ithout any findings of fact and conclusions of law, there can be no meaningful appellate review." Id. at 754. Mercer thus *914 reversed and remanded the motion court's judgment with directions to make the required findings and conclusions. Id.
In Mercer , the movant raised as a point of error on appeal the motion court's failure to issue findings and conclusions, notwithstanding his Rule 78.07(c) motion. Id. In stark contrast, Watson has not raised as a point on appeal a claim of error based on the motion court's failure to issue findings and conclusions, despite his Rule 78.07(c) motion. A claim of trial court error not raised on appeal is waived, whether or not preserved in the trial court.[5] See State v. Marr , 499 S.W.3d 367, 376 n. 9 (Mo. App. W.D. 2016) (holding that a claim of error not raised on appeal will not be addressed by the appellate court); Rule 84.13(a) (providing that "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal"). We will not reverse and remand the motion court's judgment based on its failure to issue findings of fact and conclusions of law when that issue has not been raised by Watson on appeal. To hold otherwise would be to render meaningless the requirement that error in failing to issue findings and conclusions must be preserved for appellate review.[6]
We turn to the merits of Watson's point on appeal.
Point One
The motion court's docket entry denying the Amended Motion did not make any findings or conclusions. Watson's point on appeal nonetheless claims that the motion court committed clear error when it denied the Amended Motion because Bazell should be retroactively applied to a timely filed Rule 24.035 motion. Watson's point on appeal presumes that the motion court denied the Amended Motion because it concluded to the contrary.
Though the motion court's failure to issue findings and conclusions does not warrant reversal in this case, we remain bound by Rule 24.035(k) in reviewing Watson's point on appeal. Rule 24.035(k) restricts our appellate review to determining whether the motion court's findings and conclusions are clearly erroneous. Id. We are not permitted to supply omitted findings and conclusions, as to do so would be tantamount to engaging in impermissible de novo review. See Mercer , 512 S.W.3d at 754 (stating that findings and conclusions will not be implied from a motion court's ruling); Muhammad v. State , 320 S.W.3d 727, 729 (Mo. App. E.D. 2010) (holding that implying necessary findings and conclusions would require the court to impermissibly engage in de novo review); Straub v. State , 523 S.W.3d 602, 609 (Mo. App. S.D. 2017) (holding that "the rule that findings will be implied as consistent with the judgment has no application in post-conviction cases") (quoting Haskett v. State , 152 S.W.3d 906, 910 (Mo. App. W.D. 2005) ). It thus follows that when a motion court's failure to issue findings and conclusions is not preserved for appellate review, a point on appeal that relies on implied findings or conclusions for its success should be denied.
We nonetheless address the merits of Watson's point on appeal, even though it implies a conclusion of law not issued by the motion court. Though we are not permitted to imply findings and conclusions, we are nonetheless permitted to affirm *915 a post-conviction court on any legal ground supported by the record if the motion court reached the right result . Swallow v. State , 398 S.W.3d 1, 3 (Mo. banc 2013) (citing Greene v. State , 332 S.W.3d 239, 246 (Mo. App. W.D. 2010) ). Here, the motion court reached the right result when it denied the Amended Motion, and we can affirm that result on a legal ground supported by the record.[7]
In State ex rel. Windeknecht v. Mesmer , 530 S.W.3d 500, 503 (Mo. banc 2017), the Supreme Court held that "the Bazell holding only applies forward, except those cases pending on direct appeal." Despite this plainly articulated holding, Watson argues that State ex rel. Windeknecht only applies to petitions seeking habeas relief. Watson argues that in State ex rel. Fite v. Johnson , 530 S.W.3d 508 (Mo. banc 2017), the Supreme Court held that claims of unlawful sentencing are cognizable in timely filed post-conviction motions. Watson thus argues that Bazell claims, which assert that an unlawful sentence has been imposed, can be successfully asserted in timely filed post-conviction motions. We disagree. Watson's contention erroneously conflates procedural cognizability with substantive merit.
In State ex rel. Fite , the Supreme Court held that a defendant could not rely on Bazell to withdraw a guilty plea pursuant to Rule 29.07(d) after a criminal judgment had become final. 530 S.W.3d at 510. The Court observed that "Rule 29.07(d) does not provide an independent basis for reviewing procedurally defaulted claims for post-conviction relief," and "does not apply to claims enumerated within Rule 24.035." Id. The Court generally observed that the "claim that [a] sentence was in excess of the maximum authorized by law [is] within the purview of Rule 24.035; [and] therefore, Rule 29.07(d) has no application." Id.
State ex rel. Fite did not hold, however, that Bazell claims can be successfully asserted pursuant to Rule 24.035. Though a Bazell claim that a sentence has been unlawfully entered may be procedurally cognizable under Rule 24.035 in a strictly technical sense, a Bazell claim asserted pursuant to Rule 24.035 is substantively without merit as a matter of law. State ex rel. Fite reiterated that " Bazell applies prospectively only, except in those cases pending on direct appeal," rendering the Rule 29.07(d) claim therein at issue "both procedurally defaulted and substantively meritless ." 530 S.W.3d at 511 (emphasis added). As the Supreme Court explained in State ex rel. Windeknecht , "a state supreme court is not constitutionally compelled *916 to make retroactive a different interpretation of a state statute." 530 S.W.3d at 503. Rather, "[a] state ... may make a choice for itself between the principle of forward operation and that of relation backward." Id. (quoting Wainwright v. Stone , 414 U.S. 21, 24, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973) (per curiam)). "Exercising this authority, the Court order[ed] the Bazell holding only applies forward, except those cases pending on direct appeal." Id. As was the case with the habeas petitioner in State ex rel.Windeknecht , "[Watson] received a sentence that was authorized by a different interpretation of section 570.030 without objection and should not receive the benefit of retroactive application of this Court's decision in Bazell ." Id.
Watson's point on appeal is denied.
Conclusion
The motion court's judgment denying the Amended Motion is affirmed.
All concur

In State v. Bazell , the Supreme Court held that the charge of stealing under section 570.030 could not be enhanced to a felony based on the value of property stolen because section 570.030.3 expressly provided that only offenses for which the value of property stolen is an element may be enhanced to a felony, and the value of property stolen was not an element of the offense. 497 S.W.3d 263, 267 (Mo. banc 2016) (superseded by statutory amendment).

The motion for reconsideration actually referenced Rule 29.15(j). However, this was an obvious and immaterial typographical error, as the motion otherwise referred to Watson's request for post-conviction relief pursuant to Rule 24.035. Rule 24.035(j) and Rule 29.15(j) are materially indistinguishable.

Though we can foresee complications arising from permitting appeals to be taken from unsigned docket entries which purport to dispose of post-conviction proceedings, neither Watson nor the State challenge that the May 23, 2017 docket entry was entered by the motion court. For reasons addressed later in this opinion, trial courts are strongly encourage to issue written judgments disposing of post-conviction motions that include findings of fact and conclusions of law, but in the rare case where a trial court deems it appropriate to dispose of a post-conviction motion by docket entry, it should abide by the best practice of signing the docket entry.

Rule 78.07(c) requires "allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings" to be "raised in a motion to amend the judgment in order to be preserved for appellate review." Prior to the amendment of Rules 24.035 and 29.15 effective January 1, 2018, Rule 78.07(c) was found to apply to post-conviction motions. See Green v. State , 494 S.W.3d 525, 529 (Mo. banc 2016) ; Johnson v. State , 388 S.W.3d 159, 168 (Mo. banc 2012). Effective January 1, 2018, Rules 24.035(j) and 29.15(j) expressly provide that Rule 78.07(c) applies to the motion court's obligation to issue findings of fact and conclusions of law on all issues presented.

Rule 84.13(c) does permit review on appeal of plain error affecting substantial rights "in the discretion of the court, though not raised ... when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." For reasons herein explained, no manifest injustice or miscarriage of justice warrants appellate review of the motion court's failure to issue findings and conclusions.

See supra note 4.

It is worth noting that even had Watson preserved for our review the motion court's failure to issue findings and conclusions, we would not have reversed the motion court's judgment. "[C]ase law has recognized five circumstances under which ... deficient findings and/or conclusions do not require reversal." Grimes v. State , 260 S.W.3d 374, 375 (Mo. App. W.D. 2008). They are:
(1) when the only issue before the court is one of law, findings of fact are not required, if conclusions of law are made; (2) where the motion court conducted a hearing on a post-conviction motion and no substantial evidence was presented to support the allegation upon which the court failed to make findings; (3) where the court fails to issue a proper conclusion of law on an isolated issue and it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice if remand is denied; (4) there were issues that were not properly raised or are not cognizable in a post-conviction motion; and (5) the motion was insufficient.
Id. at 375-76 (quoting Watts v. State , 206 S.W.3d 413, 417-18 (Mo. App. S.D. 2006) ). The third circumstance would have been applicable here. Watson's Amended Motion raised a question of law on an isolated issue as to which the motion court failed to issue a conclusion of law, and Watson would not have been prejudiced had remand been denied.