

# In the
# Missouri Court of Appeals
# Western District

TIMOTHY DAVIS, )
)
Appellant, )
) **WD85335**
v. ) **OPINION FILED:**
) **JUNE 20, 2023**
STATE OF MISSOURI, )
)
Respondent. )

**Appeal from the Circuit Court of Pettis County, Missouri**
**The Honorable Robert L. Koffman, Judge**

**Before Division Two: Alok Ahuja, Presiding Judge, Anthony Rex Gabbert, Judge,**
**Thomas N. Chapman, Judge**

Timothy Davis appeals the judgment of the Pettis County Circuit Court denying his Rule 24.035 motion. He claims in two points on appeal that the motion court failed to adjudicate two claims and made insufficient findings. The case is remanded.

## Facts

Timothy Davis was charged with the class D felony of possession of a controlled substance, methamphetamine. In January 2021, Davis indicated he wished to pursue an Alford plea, through which he would not admit guilt but would acknowledge that there was a likelihood or probability of conviction if the matter went to trial. The State of Missouri ("the State") presented this factual basis for the plea:

> On August 22nd of last year, Sedalia law enforcement came into contact
> with the Defendant in the area of East Broadway Boulevard. After

following up on some suspicious activity, they made contact with the defendant. When they made contact with him, the defendant was advised of a municipal ordinance violation. The Defendant consented to a search of his person. During the course of that search, officers located a baggy and a syringe in the defendant's pocket. The baggy and the syringe were later determined to be positive for methamphetamine.[1]

The State recommended that Davis be sentenced to four years in prison, consecutive to his sentence in another case for which Davis was serving another term of probation. The State asked that the sentence be suspended, and Davis be placed on probation with certain conditions. Davis agreed, and the court sentenced him accordingly. In May 2021, Davis's probation was revoked, and he was incarcerated.

Davis filed a timely motion for post-conviction relief in November 2021. An amended motion was filed which alleged five claims that Davis's plea was not knowing and voluntary. Relevant to this appeal, Claim 8.A(1) alleged:

> Trial counsel was ineffective for failing to investigate and advise movant as to a viable defense to the charge of carrying a syringe with traces of methamphetamine and blood because movant neither had actual nor constructive control of the syringe. If counsel had investigated and advised movant of such a viable defense, he would not have pled guilty.

The motion stated that law enforcement found a syringe containing blood and a clear substance behind a dumpster where Davis "came from." Also relevant to this appeal, Claim 8.A(2) alleged:

---

[1] It is not entirely clear whether Davis was charged with possessing the substance in the syringe or the substance in the baggy. The Information alleged that Davis possessed methamphetamine without specifying where the methamphetamine was located. At the evidentiary hearing, the court and motion counsel, but not the prosecutor, stated that Davis was only charged with the substance in the baggy and not the substance in syringe.

> Trial counsel was ineffective for failing to investigate and advise movant as to a viable defense to the charge of possession of a controlled substance because the baggy found on his person contained merely residue and constituted no more than possession of paraphernalia. If counsel had investigated and advised movant of such a viable defense, he would not have pled guilty.

The motion stated that the baggy only contained residue, and, therefore, the baggy "constituted no more than possession of paraphernalia." Further, because the baggy only contained residue, it indicated past drug use, "which is insufficient to show present possession" of a controlled substance.

The motion court held an evidentiary hearing. It denied Davis's Rule 24.035 motion. Davis filed a motion to amend the judgment pursuant to Rule 78.07. Davis argued that the motion court's judgment failed to address claims 8A(1) and 8A(2). The motion court did not act in response to Davis's motion to amend the judgment.

This appeal follows.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(k). "A judgment is clearly erroneous when, in light of the entire record, the court is left with a definite and firm impression that a mistake has been made." *Courtney v. State*, 662 S.W.3d 344, 349 (Mo. App. W.D. 2023) (internal quotation marks omitted). "We presume that the motion court's findings are correct, deferring to the motion court's superior ability to judge the credibility of witnesses at the evidentiary hearing." *Id.*

3

"Where, as here, the sentencing court and the motion court are one and the same, the motion court's findings carry special weight." *Id*. (internal quotation marks omitted).

## Analysis

In his first point on appeal, Davis claims the motion court clearly erred in denying claim 8A(1) of his amended Rule 24.035 motion. In his second point on appeal, Davis claims the motion court clearly erred in denying claim 8A(2) of his amended Rule 24.035 motion. For both points, Davis argues that the motion court's findings fail to identify the claims and adjudicate them by providing an explanation why his trial counsel ("Trial Counsel") was not ineffective or why Davis was not prejudiced.

Rules 24.035(j) mandates that "[w]hether or not a heading is held, the court shall issue findings of fact and conclusions of law on all issues presented." "Written findings and conclusions are required because appellate review of a motion court's disposition of a post-conviction motion is limited to determining whether the trial court's findings and conclusions are clearly erroneous." *Watson v. State*, 545 S.W.3d 909, 913 (Mo. App. W.D. 2018) (citing Rule 24.035(k)). "[E]rror occasioned by a motion court's failure to issue findings and conclusions must be preserved by filing a Rule 78.07(c) motion to amend the motion court's judgment." *Id*. Davis did so in this case.

"There is no precise formula to which findings of fact and conclusions of law must conform." *Ivory v. State*, 211 S.W.3d 185, 189 (Mo. App. W.D. 2007) (internal quotation marks omitted). "However, Rule 24.035(j) has been interpreted as requiring the motion court to issue findings of fact and conclusions of law sufficient to allow the appellate

4

court to conduct a meaningful appellate review." *Id*. "This court will not supply the necessary findings of fact and conclusions of law, because that would constitute an improper *de novo* review on appeal, in direct contravention of Rule 24.035(k)." *Id*.

Davis argues on appeal that, with the exception of claims 8A(1) and 8A(2), the judgment shows that the motion court's practice was to acknowledge a specific claim from the amended Rule 24.035 motion and then adjudicate it. He cites the following parts of the judgment denying the postconviction motion:

> Mr. Davis claims that the Prosecuting Attorney did not provide him with discovery….
>
> Mr. Davis further claims that [he] was denied due process because he was denied a preliminary hearing in his cases….
>
> Mr. Davis claims that he did not receive discovery he was entitled to….
>
> He further claims that there was insufficient evidence for a conviction….
>
> Mr. Davis claims that he did not receive due process because the prosecutor had a conflict of interest by having represented him in the past….
>
> Mr. Davis further claims that the indictments were defective….

These are all examples of the motion court identifying a claim in Davis's postconviction motion and then discussing it. Davis states that the court did not do the same with his claims that Trial Counsel was ineffective with respect to a defense that Davis did not actually or constructively possess the syringe or with respect to a defense that the baggy contained only residue which constituted no more than possession of paraphernalia.

The State argues that the motion court addressed claims 8A(1) and 8A(2) with the following part of its judgment:

> Mr. Davis claims that he received ineffective assistance of counsel because his attorney did not proffer motions and objections that he wanted. To establish a claim of ineffective assistance of counsel, it must be shown on the record that the defense lawyer failed to act as a reasonably competent attorney under similar circumstances. *Smith v. State*, 443 S.W. 3d 730 (Mo. App. S.D. 2014). Defense counsel is ethically obligated to not raise issues or make arguments that he believes are superfluous or without merit. The motions and objections raised by the defendant were without merit.
>
> In a post-conviction relief motion based upon ineffective assistance of counsel, it is presumed that counsel was effective. *Haeber v. State*, 488 S.W. 3d 648 (Sup. 2016). In order to prevail on a claim of ineffective assistance of counsel where the petitioner has entered a plea of guilty, movant must show his counsel's representation fell below objective standards of reasonableness and that, as a result, he was prejudiced. The Court finds that there has been no evidence to overcome that presumption of counsel's effectiveness.
>
> At the plea hearing in both cases, the petitioner indicated that he was making an *Alford* plea. He said he was doing so voluntarily and that, other than the proffer of a probation offer, no one had caused or forced him to make his pleas. The Court asked the petitioner if he had any reason why the Court should not accept the pleas and pronounce sentences, and he said he did not. He did all of this with knowledge of the allegations that he now makes. He chose to not raise them until he was revoked on probation and forced to serve a prison sentence. His incongruent statements to the Court cause this trier of facts to find no credibility in his testimony.

The first paragraph of this excerpt discusses whether Davis received ineffective assistance of counsel because Trial Counsel did not proffer motions and objections that he wanted. Claims 8A(1) and 8A(2) alleged a failure to investigate and advise potential defenses. This is a different allegation from the one discussed in excerpt above. The State states that the motion court "mischaracterized" and "mistakenly stated" the wrong

6

claims but argues that "minor errors in the motion court's findings do not establish that the court did not carefully consider the postconviction claims."

None of the claims in the written Rule 24.035 motion pertained to Trial Counsel's failure to proffer motions or make objections. However, there was testimony at the evidentiary hearing that Trial Counsel did not make certain objections and that Davis had to file at least one motion pro se. Davis argues in his reply brief that the State is wrong when it asserts that the motion court mischaracterized claims 8A(1) and 8A(2). Instead, Davis argues that the motion court failed to acknowledge and adjudicate the claims altogether. He asserts that the motion court's failure to address the claims is even more significant given that the motion court did explicitly address the other claims in the postconviction motion. We agree. The judgment denying Davis's Rule 24.035 motion does not address claims 8A(1) and 8A(2).

The State focuses on the latter paragraphs of the excerpt it identified above. In those paragraphs, the motion court found that no evidence was presented that Trial Counsel was ineffective and that Davis's plea was voluntary. The State relies on *Alford v. State*, 895 S.W.2d 143, 146 (Mo. App. E.D. 1995) and *Moore v. State*, 927 S.W.2d 939, 942 (Mo. App. S.D. 1996) for the proposition that "[w]hen the court finds a post-conviction movant's guilty plea voluntary, it is unnecessary to remand for specific findings of fact addressing the movant's individual claims of ineffective assistance of counsel if the record clearly supports the court's finding." *Alford*, 895 S.W.2d at 146.

A conclusion that the movant's plea of guilty was voluntary, "without any explanation of why it was voluntary, is essentially nothing more than a conclusion that his claim should be denied." *Ivory*, 211 S.W.3d at 190. "This is so in that once a defendant pleads guilty, the only relevant issue is whether he knowingly and voluntarily waived his right to trial by pleading guilty." *Id*. Relevant to this appeal, Davis argued that his plea of guilty was not voluntary because, had he been advised regarding potential defenses, he would not have pled guilty.

Subsequent to the decisions in *Alford* and *Moore*, the Missouri Supreme Court has made clear that a ruling on a post-conviction relief motion may not simply state bald conclusions, "without identifying 'any facts or parts of the file or record that supported that conclusion.'" *Mercer v. State*, 512 S.W.3d 748, 754 (Mo. banc 2017) (quoting *Belcher v. State*, 299 S.W.3d 294, 295-96 (Mo. Banc 2009)).[2] Other cases decided more recently are consistent with *Mercer*, *Belcher* and *Ivory*, and hold that statements of ultimate conclusions are not sufficient to satisfy the circuit court's obligation to issue findings of fact and conclusions of law when ruling on a motion for post-conviction relief. *See*, *e.g.*, *State v. Waters*, 221 S.W.3d 416, 419 (Mo. App. W.D. 2006) ("The motion court in this case presented only conclusory statements in its conclusions of law, stating 'based upon the motion, the Court's files and the trial transcript, Movant is not

---

[2] While *Mercer* and *Belcher* involve post-conviction motions for DNA testing under section 547.035.8, RSMo, the requirement for findings and conclusions in deciding such a motion has been interpreted identically to the requirement for findings and conclusions under Rules 24.035(j) and 29.15(j). *See Belcher*, 299 S.W.3d at 296.

8

entitled to the relief requested.'"); *Schaal v. State*, 179 S.W.3d 907, 912 (Mo. App. S.D. 2005) (holding that motion court's findings were inadequate where the court "made no analysis and provided this court with no reasons for its conclusion that 'a reasonable probability existed of a different result at movant's trial' had [an omitted witness] testified").

The motion court's judgment identified Davis's claims specifically and then proceeded to adjudicate them individually. It did this with all of his claims except for the two pertaining to the failure to investigate and advise Davis about possible defenses. In the context of this case, we find that the motion court's judgment failed to make findings of facts and conclusions of law on all issues presented as required by Rule 24.035(j). *Ervin v. State*, 80 S.W.3d 817, 825 (Mo. banc 2002) (in finding that motion court failed to make adequate findings concerning one claim of ineffective assistance of counsel, noting that "[w]ith the exception of the [omitted claim], the motion court consistently identified specific allegations raised in the motion and made findings of fact and conclusions of law as to each"). Given the lack of findings, this court is unable to conduct a meaningful appellate review of those two claims.

The point is granted.

## Conclusion

"[C]ase law has recognized five circumstances under which ... deficient findings and/or conclusions do not require reversal." *Watson*, 545 S.W.3d at 915 n.7 (internal quotation marks omitted). Those circumstances are:

(1) when the only issue before the court is one of law, findings of fact are not required, if conclusions of law are made; (2) where the motion court conducted a hearing on a post-conviction motion and no substantial evidence was presented to support the allegation upon which the court failed to make findings; (3) where the court fails to issue a proper conclusion of law on an isolated issue and it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice if remand is denied; (4) there were issues that were not properly raised or are not cognizable in a post-conviction motion; and (5) the motion was insufficient.

*Id.* (internal quotation marks omitted). None of these exceptions apply in this case. The case is remanded for the motion court to make the required findings about whether Trial Counsel was ineffective in failing to investigate and advise Davis with respect to a defense that Davis did not actually or constructively possess the syringe and with respect to a defense that the baggy contained only residue which constituted no more than possession of paraphernalia.

_____
Anthony Rex Gabbert, Judge

All concur.

10