Kevin HICKS, Appellant,

v.

STATE of Missouri, Respondent.

WD 79120

Missouri Court of Appeals,
Western District.

OPINION FILED: March 28, 2017

Gwenda R. Robinson, St. Louis, MO, for appellant.

Shawn Mackelprang, Jefferson City, MO, for respondent.

Before Division Three: Karen King Mitchell, Presiding Judge, Victor C. Howard, Judge and Gary D. Witt, Judge

Gary D. Witt, Judge

Kevin Hicks ("Hicks") appeals the denial after an evidentiary hearing of his Rule 29.15[1] amended motion for post-conviction relief by the Circuit Court of Jackson County. Hicks was convicted after a jury trial of one count of first-degree robbery,[2] five counts of forcible sodomy, one count of forcible rape, and one count of attempted forcible rape. In his Rule 29.15 motion, as relevant to this appeal, Hicks claimed his trial counsel was ineffective for inducing him to waive his right to testify at a suppression hearing and by failing to advise him that his suppression hearing testimony would be inadmissible at trial. On appeal, Hicks argues the motion court erred in failing to find that the above allegations constituted ineffective assistance of counsel (Point Two). Hicks also claims that the motion court erred in denying his Rule 29.15 motion without making an independent inquiry into and a factual finding

regarding the existence of abandonment by post-conviction counsel for the untimely filing of Hicks's amended post-conviction motion (Point One). We reverse and remand to the motion court.

## Factual Background

Hicks was convicted following a jury trial of two counts of first-degree robbery, five counts of forcible sodomy, one count of forcible rape, and one count of attempted forcible rape. These charges arise out of a brutal attack on two victims that included both physical and sexual violence. Hicks appealed his convictions, and the Missouri Supreme Court vacated one of his convictions for first-degree robbery and affirmed his remaining convictions in *State v. Hicks*, 408 S.W.3d 90 (Mo. banc 2013). The Supreme Court issued its mandate on March 19, 2013.

Hicks timely filed his Rule 29.15 motion on June 10, 2013. The public defender's office was appointed to represent Hicks in his post-conviction proceedings on October 11, 2013, and counsel entered his appearance on November 4, 2013. Post-conviction counsel filed Hicks's amended 29.15 motion on January 6, 2014 ("Amended Motion"). As relevant to his appeal, Hicks claimed in his Amended Motion that trial counsel was ineffective for inducing him to waive his right to testify and failing to advise him that his testimony at the suppression trial could not be used against him at trial.

The motion court denied Hicks's Amended Motion, concluding that the decision not to call Hicks to testify at the suppression hearing was sound legal strategy and that Hicks was not prejudiced by his failure to

---

1. All rule references are to Missouri Supreme Court Rules (2016), unless otherwise indicated.

2. Hicks was actually convicted of two counts of first-degree robbery, but one of those convictions was vacated by the Missouri Supreme Court in *State v. Hicks*, 408 S.W.3d 90 (Mo. banc 2013).

testify at the suppression hearing. The motion court's judgment also concluded that Hicks's Amended Motion was timely filed.

### Abandonment

■ In Point One, Hicks argues that the motion court erred in failing to conduct an independent inquiry into and make a finding regarding the existence of abandonment by post-conviction counsel for counsel's untimely filing of the Amended Motion. Hicks requests that this Court reverse the judgment and remand the cause to the motion court to determine the issue of abandonment.

Rule 29.15(g) specifies that an amended post-conviction motion is due sixty days after both the court's mandate has been issued and counsel has been appointed. The Missouri Supreme Court's mandate was issued in this case on March 19, 2013, and counsel was appointed on October 11, 2013 when the public defender's office was appointed to represent Hicks in this matter. *See Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014) ("the effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance"). Hicks's Amended Motion was due sixty days from October 11, 2013, which was December 10, 2013. As neither a request for nor a grant of an extension of time to file appears on the record, the Amended Motion was untimely filed on January 6, 2014. *See Adams v. State*, 483 S.W.3d 480, 484 (Mo. App. E.D. 2016) (requests for a continuance will not be presumed to have been granted without a record thereof).

■ "[W]hen post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline in Rule 29.15(g) can constitute 'abandonment' of the movant." *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). If abandonment is found, it extends the time limitation in which to file the Rule 29.15 amended motion. *Id.* "When an untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry under *Luleff* to determine if abandonment occurred." *Id.*; *see Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991). Where the motion court has failed to make this independent inquiry, this Court will remand to the motion court to conduct the inquiry. *Moore*, 458 S.W.3d at 826.

> If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. [*Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991).] *See also Luleff*, 807 S.W.2d at 498 ("If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion."). If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing. *Sanders*, 807 S.W.2d at 495.

*Id.* at 825–26.

Following *Moore*, our Court has identified an exception to the requirement that the cause be remanded where the motion court has failed to consider the issue of abandonment in cases in which the amended post-conviction motion was untimely filed where such an exercise would be pointless. *See Childers v. State*, 462 S.W.3d 825 (Mo. App. E.D. 2015). In *Childers*, the motion court treated an untimely filed amended post-conviction motion as timely, held an evidentiary hearing, and denied all of the claims therein without making an inquiry or factual finding regarding aban-

donment. *Id.* at 827–28. On appeal, as this Court has explained,

> [t]he *Childers* Court concluded, however, based on its reading of *Moore*, that remand was not necessary in its case. [*Childers*, 462 S.W.3d at 828.] Unlike *Moore* (where the motion court "did not reference [the *pro se*] claims or adjudicate them with written findings of fact and conclusions of law"), in *Childers*, "all of the claims in both the *pro se* and amended motion ha[d] been adjudicated with written findings of fact and conclusions of law." *Id.* (quoting *Moore*, 458 S.W.3d at 826, n.3). The appellate court thus concluded that Childers "ha[d] received all the process to which he is entitled" and that "remand would be pointless." *Id.* (citing *Moore*, 458 S.W.3d at 827–31 (Wilson, J., dissenting) (declaring that remand is "pointless" where the *pro se* claims have been incorporated into the amended motion and thus adjudicated along with the amended motion)). The *Childers* Court proceeded to review the appeal on its merits. *Id.*

*Bustamante v. State*, 478 S.W.3d 431, 435 n.2 (Mo. App. W.D. 2015).

This case is unlike *Childers*, however, as Hicks's *pro se* claims were not incorporated into his Amended Motion and were not considered and addressed by the motion court. The State concedes this is the case and agrees that the cause should be remanded to the motion court for a factual finding regarding abandonment. The motion court will then determine whether it should have considered Hicks's Amended Motion or his prior *pro se* motion. Because this Court is remanding for further factual findings regarding abandonment, it is not the appropriate time for the Court to take up the merits of Hicks's claim alleging ineffective assistance in Point Two. *See Moore*, 458 S.W.3d at 826 n.4.

Point One is granted.

## Conclusion

For the foregoing reasons, this Court reverses the motion court's judgment overruling Hicks's Amended Motion. The case is remanded for an independent inquiry into whether Hicks was abandoned by appointed counsel and for further proceedings consistent with the outcome of the motion court's inquiry.

All concur