Shawn K. **HOUGARDY**, Appellant,

v.

**STATE of Missouri, Respondent.**

**WD 79774**

Missouri Court of Appeals, Western District.

OPINION FILED: June 27, 2017

Steven E. **BURNS**, Appellant,

v.

**STATE of Missouri, Respondent.**

**WD 79457**

Missouri Court of Appeals, Western District.

ORDER FILED: June 27, 2017

S. Kate Webber, Kansas City, MO, Counsel for Appellant.

Robert Bartholomew, Jr., Jefferson City, MO, Counsel for Respondent.

Before Division Two: Thomas H. Newton, P.J., James Edward Welsh, and Karen King Mitchell, JJ.

Craig A. Johnston, Columbia, MO, for appellant.

Gregory L. Barnes, Jefferson City, MO, for respondent.

Before Division Three: Anthony Rex Gabbert, Presiding Judge, Victor C. Howard, Judge and Cynthia L. Martin, Judge

Cynthia L. Martin, Judge

Shawn Hougardy ("Hougardy") appeals from the denial of his Rule 29.15 motion following an evidentiary hearing. Hougardy argues that the motion court clearly erred by denying his claim that trial counsel was ineffective by misinforming Hougardy that a prior conviction disqualified him for long-term substance abuse treatment. Hougardy argues that as a result of this misinformation, he was prejudiced be-

cause a plea offer that Hougardy had accepted was not presented to the court, and Hougardy received a more severe sentence after trial and conviction. Because the motion court did not conduct an independent inquiry into whether Hougardy was abandoned by post-conviction counsel, we reverse and remand for further proceedings consistent with this Opinion.

## Factual and Procedural Background

Hougardy was convicted after a jury trial of attempted manufacture of methamphetamine, resisting a lawful stop, and tampering with physical evidence. Hougardy was sentenced as a prior and persistent felony offender and a prior drug offender [1] to twenty years' imprisonment for attempted manufacturing, seven years' imprisonment for resisting, and seven years' imprisonment for tampering. The seven-year sentences were ordered to run concurrently with each other but consecutively to the twenty-year sentence. Hougardy's convictions were affirmed on direct appeal. *State v. Hougardy*, 396 S.W.3d 443 (Mo. App. W.D. 2013). We need not recount the circumstances giving rise to Hougardy's convictions, as the only issue raised by Hougardy on appeal is the extent to which trial counsel's alleged ineffective assistance prejudiced Hougardy with respect to sentencing.

Hougardy timely filed a *pro se* Rule 29.15 motion on May 14, 2013. The *pro se* motion raised eleven claims of ineffective assistance of trial counsel, and one claim of

ineffective assistance of appellate counsel. Post-conviction counsel entered an appearance on June 10, 2013, and was granted a thirty-day extension of time to file an amended motion. An amended motion was not filed, however, until September 29, 2014.

The amended motion did not incorporate or attach the *pro se* claims, and asserted instead three new claims of ineffective assistance of trial counsel that were distinct from the claims raised in the *pro se* motion. Specifically, the amended motion alleged that trial counsel ineffectively misinformed Hougardy that he was not eligible for long-term substance abuse treatment pursuant to section 217.362,[2] causing Hougardy to reject a plea offer for a fifteen-year sentence and long-term substance abuse treatment.[3] The amended motion also alleged two claims of ineffective assistance based on trial counsel's failure to investigate and call Carmen Triplett and Tommy Triplett as witnesses at trial.

After an evidentiary hearing, the motion court entered judgment on May 6, 2016 ("Judgment") denying the claims raised in the amended motion. The Judgment included a finding that the amended motion "was timely filed."

Hougardy timely filed this appeal, challenging only the motion court's finding that trial counsel was not ineffective by misinforming Hougardy about his eligibility for long-term substance abuse treatment.

---

1. Hougardy had prior convictions for theft of anhydrous ammonia in 2003, for attempted manufacture of a controlled substance in 2002, and for rape of a victim under the age of fourteen in 1994.

2. All statutory references are to RSMo 2000 as supplemented through the date of Hougardy's trial in December 2011, except as otherwise noted.

3. Though this is the claim alleged in the amended motion, the evidence admitted during the hearing indicates that the State offered Hougardy *either* a fifteen-year term of imprisonment, or a twenty-year term of imprisonment coupled with long-term substance abuse treatment.

## Standard of Review

A motion court's ruling on a post-conviction motion is presumed correct. *McLaughlin v. State*, 378 S.W.3d 328, 336-37 (Mo. banc 2012). The motion court's judgment will be overturned only when its findings of fact or conclusions of law are clearly erroneous. *Id.* at 337; Rule 29.15(k).[4] To be clearly erroneous, we must be left with a "definite and firm impression that a mistake has been made." *Id.* (quoting *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009)).

## Analysis

Hougardy raises a single point on appeal. He challenges the motion court's conclusion that trial counsel was not ineffective by misinforming him that he was ineligible for long-term substance abuse treatment pursuant to section 217.362. Hougardy contends that he was prejudiced because he had accepted a plea offer that included long-term substance abuse treatment, and the accepted offer was never presented to the trial court because of trial counsel's misinformation.[5] "Preliminarily, and regardless of any claims made by [Hougardy] on appeal ... we are compelled to *sua sponte* examine the record to determine whether appointed counsel complied with the requirements of Rule

[29.15(e) ], which delineates the mandatory time limits for filing amended post-conviction motions." *Price v. State*, 489 S.W.3d 358, 360 (Mo. App. S.D. 2016) (citing *Moore v. State*, 458 S.W.3d 822, 826-27 (Mo. banc 2015)).

Our mandate following Hougardy's direct appeal was issued on April 24, 2013. The Public Defender was notified of the filing of Hougardy's *pro se* motion on May 14, 2013, the date the motion was filed. Post-conviction counsel entered an appearance for Hougardy on June 10, 2013. On the same date, post-conviction counsel filed a motion requesting an additional thirty days to file an amended motion, which was granted on June 17, 2013.

According to Rule 29.15(g), an amended motion must be filed:

[W]ithin 60 days of the earlier of the date both the mandate of the appellate court is issued and:

 (1) Counsel is appointed, or

 (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

The court may extend the time for filing the amended motion for one additional period not to exceed 30 days.

---

4. All Rule references are to *Missouri Court Rules, Volume I—State, 2016* except as otherwise noted.

5. The State argues that Hougardy's point on appeal recasts the claim alleged in the amended motion in two material respects: (i) the amended motion claimed Hougardy rejected the State's plea offer based on misinformation from trial counsel, where the point on appeal alleges that Hougardy accepted the plea offer, but that the accepted plea offer was never presented to the trial court because of trial counsel's misinformation; and (ii) the amended motion claimed the offer in question was for a fifteen-year term along with long-term substance abuse treatment, where the

argument in support of the point on appeal alleges the offer was for a twenty-year term along with long-term substance abuse treatment. Because we are otherwise required to reverse and remand this matter, we do not address the State's argument that Hougardy's claim on appeal is not preserved for our review because it varies materially from the claim alleged in the amended motion, and thus was not raised in the amended motion. *See Hoskins v. State*, 329 S.W.3d 695, 699 (Mo. banc 2010) (holding that movant waives any claim not raised in a post-conviction motion, and that plain error review is not available on appeal to permit consideration of waived claims).

By application of this Rule, Hougardy's amended motion was due by September 9, 2013, affording Hougardy the benefit of the thirty day extension granted by the motion court. *See Creighton v. State*, No. SC95527, 2017 WL 1496952, at *2-3 (Mo. banc April 25, 2017) (holding that notification of the public defender does not constitute appointment of counsel for purposes of Rule 29.15(g), and that the time for filing an amended motion does not begin to run until the public defender enters an appearance for a *pro se* movant). However, the amended motion was not filed until September 29, 2014, over a year after the due date. Plainly, the amended motion was not timely filed.

 "[W]hen post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline in Rule 29.15(g) can constitute 'abandonment' of the movant." *Moore*, 458 S.W.3d at 825. "When an untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry under *Luleff*' to determine if abandonment occurred." *Id.* (citing *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991)). If the motion court fails to make this independent inquiry, we are required to remand to the motion court to conduct the inquiry, as a finding that a movant has not been abandoned would require the motion court to adjudicate only the movant's *pro se* motion, while a finding that a movant has been abandoned would require the motion court to permit the untimely filing of an amended motion.[6] *Id.* at 825-26; *Luleff*, 807 S.W.2d at 498; *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991).

During the hearing on the amended motion, post-conviction counsel addressed the timeliness of the amended motion:

> Judge, I noted that the Motion in this case—the Amended Motion in this case I don't believe was timely filed and I would make the record that pursuant to [*Sanders v. State*] that none of the— none of that was attributable to the Movant in this case.

No details were offered by post-conviction counsel to explain the delay in filing the amended motion, or the basis for counsel's representation that the delay was not attributable to Hougardy. Neither the State nor the motion court responded to post-conviction counsel's statement, as the topic of discussion immediately turned to an awaited report from a deputy about a witness who had failed to appear though subpoenaed to testify. The motion court did not conduct an "independent inquiry" to determine the reason for the delay in filing the amended motion.

Even presuming the motion court could have permissibly concluded that the delay in filing the amended motion was not attributable to Hougardy based solely on post-conviction counsel's representation, the Judgment expressed no findings or conclusions on the issue of abandonment. Instead, the Judgment found only that the amended motion "was timely filed." We do not know whether the motion court concluded that Hougardy had been abandoned and deemed the amended motion timely filed as a result, or whether the motion court simply missed the fact that the amended motion was filed more than a year after it was due and failed to consider the issue of abandonment.

---

**6.** An exception to required remand, applicable where the motion court has considered all claims raised in the *pro se* and amended post-conviction motions, is not available in this case, as Hougardy's *pro se* claims were not included in the amended motion, and were not addressed in the Judgment. *See. Childers v. State*, 462 S.W.3d 825, 827-28 (Mo. App. E.D. 2015).

Appellate review in a Rule 29.15 proceeding "shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(k). The motion court's finding that the amended motion "was timely filed" is clearly erroneous *unless* Hougardy was abandoned. Rule 29.15(j) required the motion court to "issue findings of fact and conclusions of law on all issues presented" in the case, including the issue of abandonment. The motion court did not do so. We are not authorized to assume unexpressed findings and conclusions on the issue of abandonment. "If we were to furnish findings of facts and conclusions of law ... we would be engaging in *de novo* review," which is not permitted under Rule 29.15(k).[7] *Muhammad v. State*, 320 S.W.3d 727, 729 (Mo. App. E.D. 2010) (citing *Grimes v. State*, 260 S.W.3d 374, 376 (Mo. App. W.D. 2008); *Mitchell v. State*, 192 S.W.3d 507, 510 (Mo. App. E.D. 2006)).

We are obligated to remand this matter to the motion court to conduct an inquiry into, and to make findings and conclusions regarding, abandonment. Those findings and conclusions will inform whether the motion court properly considered the claims raised in the amended motion or was limited to reviewing the claims raised in Hougardy's *pro se* motion. *See Hicks v. State*, 514 S.W.3d 118, 120-21 (Mo. App. W.D. 2017).

Because we are remanding for independent inquiry, findings, and conclusions on

the issue of abandonment, we will not address the merits of Hougardy's point on appeal. *Id.* at 121.

### Conclusion

The motion court's Judgment is reversed. This matter is remanded to the motion court for an independent inquiry into, and findings and conclusions on, the subject of abandonment, and for further proceedings consistent with this opinion.

All concur

---

**7.** Rule 29 is subject to the rules of civil procedure "insofar as applicable." Rule 29.15(a). Though Rule 73.01(c) provides that "[A]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached," that Rule is in conflict with Rule 29.15(k) which expressly limits our appellate review to the findings and conclusions actually made by a motion court, and with Rule 29.15(j) which requires a motion court to make findings on all issues presented. Recognized exceptions to the rule requiring remand of post-conviction proceedings to the motion court to supply required findings or conclusions are not applicable to the issue of abandonment. *See Muhammad v. State*, 320 S.W.3d 727, 729 (Mo. App. E.D. 2010) (citing *Grimes v. State*, 260 S.W.3d 374, 375-76 (Mo. App. W.D. 2008); *Mitchell v. State*, 192 S.W.3d 507, 509 (Mo. App. E.D. 2006)).