**Gary Lee MITCHELL, Jr., Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent-Respondent.**

**No. SD 34577**

Missouri Court of Appeals, Southern District, Division One.

Filed: Aug. 31, 2017

SAMUEL E. BUFFALOE, Columbia, MO, for Appellant.

SHAUN J. MACKELPRANG, Jefferson City, MO, for Respondent.

DON E. BURRELL, J.

Gary Lee Mitchell, Jr. ("Movant") was convicted after a jury trial of the class A

felony of second-degree drug trafficking.[1] *See* section 195.223.1 and .4.[2] Movant now appeals the denial after evidentiary hearing of his attempt to obtain post-conviction relief.

Movant's first point claims that his appointed counsel filed his amended motion for post-conviction relief ("the amended motion") one day after it was due, and because the motion court made no finding as to whether this constituted abandonment by appointed counsel, "th[e] case should be remanded for an abandonment hearing." Movant also presents points that assert the motion court erred in denying ineffective assistance of counsel claims based on the failure to request jury instructions for the lesser included offenses of "class B felony trafficking" and "possession of a controlled substance" and the failure to call a particular witness.[3]

We do not reach the merits, if any, of Movant's ineffective assistance claims because our review of the record does not preclude the possibility that Movant was abandoned by his post-conviction counsel. *See Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015). We therefore reverse the motion court's "**FINDINGS OF FACT, CONCLUSIONS OF LAW, JUDGMENT ENTRY**" and remand the matter for the motion court to conduct the necessary abandonment inquiry.

## Applicable Principles of Review and Governing Law

 Before addressing the merits, we are compelled under *Moore v. State* to first examine the timeliness of amended motions in each post-conviction case

on appeal, even if the issue is not raised by either party. 458 S.W.3d 822 (Mo. banc 2015). If it is determined that an amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment, then the case should be remanded to the motion court for such inquiry. *Id.* It is our duty to enforce the mandatory timelines in the post-conviction rules, but "the motion court is the appropriate forum to conduct such an inquiry" into abandonment. *Id.*

*Childers*, 462 S.W.3d at 827. We also keep in mind that if "*all* of the claims in both the *pro se* and amended motion have been adjudicated with written findings of fact and conclusions of law, remand would be pointless." *Id.* at 828; *but see Hicks v. State*, 514 S.W.3d 118, 121 (Mo. App. W.D. 2017) (reversal and remand required where the appellant's "*pro se* claims were not incorporated into his [a]mended [m]otion and were not considered and addressed by the motion court").

## The Timing of the Post-Conviction Motions

We issued our mandate in Movant's direct appeal on October 21, 2014. Movant's "**MOTION TO VACATE, SET ASIDE OR CORRECT THE JUDGMENT OR SENTENCE**" ("the original *pro se* motion") was timely filed on January 20, 2015 because the 19th was a state holiday. *See* Rules 29.15(b) and 44.01(a). Post-conviction counsel was appointed on February 6, 2015, and on February 19, 2015, the motion court granted a 30-day extension for filing the amended motion. *See* Rule

---

1. We affirmed Movant's conviction on direct appeal in *State v. Mitchell*, 442 S.W.3d 923, 925 (Mo. App. S.D. 2014).

2. All statutory references are to RSMo Cum. Supp. 2013. All rule references are to Missouri Court Rules (2015).

3. The attorney who represented Movant before the motion court is not the same attorney representing Movant in this appeal.

29.15(g). On April 24, 2015, before counsel filed the amended motion, Movant filed a "PRO SE AMENDED MOTION PER TO [sic] [RULE] 29.15(e)" ("the amended *pro se* motion"). Counsel filed an "**AMENDED MOTION UNDER RULE 29.15**" ("the amended motion") on May 8, 2015, which the parties agree was one day beyond the due date of May 7, 2015. *See id.*[4]

The original *pro se* motion asserted nine claims for relief.[5] In a separate section that spanned 51 pages, the original *pro se* motion alleged facts and analyses in support of his nine claims and added yet additional claims.[6]

The amended *pro se* motion presented five separate claims, each coupled with supporting details and factual allegations under a single heading. The first two claims were that trial counsel was ineffective in failing to move to suppress evidence gathered after a traffic stop because: 1) the arresting officer did not personally observe a traffic violation and 2) the arresting officer could not rely on information he received from another officer. The third claim alleged ineffective assistance of appellate counsel based upon a failure to challenge the admission of a chemist's testimony given during Movant's first trial.[7] The fourth claim was that Movant's "Fifth, Sixth, and Fourteenth [Amendment] Right [sic] to trial was violated when the State failed to present evidence of the actual

4. Movant filed a *pro se* "Motion to Re-open Movants [sic] PCR Amended Motion per to [sic] [Rule] 75.01 & Dudley v. State, 254 S.W.3d 109 (Mo. App. W.D. 2008)" ("motion to reopen") on July 6, 2015. The docket entry associated with the motion to reopen notes that the motion court reviewed it the following day, but "no action [was] taken." *Cf. Lewis v. State*, 767 S.W.2d 49, 52 (Mo. App. W.D. 1989) ("[t]he court did not err in failing to take up appellant's pro se 'Motion to Vacate Under Rule 75', even if it would have arguably had any merit, because the appellant was still represented by counsel at the time his motion was filed and he has no right to proceed both pro se and through counsel"). *But see Johnson v. State*, 210 S.W.3d 427, 432, (Mo. App. S.D. 2006) (the movant "was not prohibited from filing an amended *pro se* motion setting out additional claims").

5. The original *pro se* motion claims were stated as:
 A.) The traffic stop was unlawful and illegal in nature as was the search and seizure.
 B.) Ineffective Assistance of Counsel by trial lawyer.
 C.) Ineffective Assistance of Counsel by appellate lawyer.
 D.) Plain errors by the court.
 E.) Defendant was not afforded his due process rights.
 F.) Both police officers perjured themselves with numerous inconsistent statements while testifying under oath.
 G.) The money that was seized was not made available to the court at trial, only a photo used when the actual evidence of the money taken should have been produced.
 H.) Unfair, Harsh, and cruel and unusual punishment by retaliation by the prosecution, and sentence.
 I.) High and Excessive Bond afforded to the Defendant.

6. For instance, the assertion of ineffective assistance of trial counsel claim included factual assertions that trial counsel had not acted as Movant instructed and identified three motions that Movant had requested: "Change of venue[,]" "Change of judge[,]" and "Motion to Examine Police Personnel File[.]" This claim also complained that trial counsel failed to: (a) obtain evidence such as a video from a dash camera and an officer call log; (b) object at trial regarding a confession allegedly obtained with a threat; (c) object at trial regarding evidence of a digital scale where other testimony about the digital scale was allegedly inconsistent; (d) negotiate a favorable plea agreement; and (e) communicate effectively with Movant.

7. The first trial ended in a mistrial after a juror disclosed during trial that she knew one of Movant's "witness[es] and it would affect her ability to be fair."

weight of the controlled substances obtained from Movant." The fifth claim was "Errors by Trial Court" that asserted the trial court sentenced Movant "without the possibility of probation or parole" as a prior offender under section 195.223 when "[n]one of [Movant's] prior offenses includes any of the charges that makes him eligible for non-parole [sic]."

. The tardy amended motion by appointed counsel asserted twelve claims, all under the general assertion that "Movant's trial counsel was ineffective[.]"[8] The twelfth such claim simply referenced photocopied pages from the original *pro se* motion and the amended *pro se* motion that were renumbered and included in the amended motion.[9]

. The transcript of the evidentiary hearing begins with a recitation of the case number, an announcement of those present, the taking of judicial notice of the underlying criminal case file, the admission of certain exhibits, and the calling of Movant as the first witness. No recitation of the particular motions or claims at issue was made. During the hearing, post-conviction counsel made the following inquiry of Movant:

8. The claims in the amended motion were:

(a). Trial counsel unreasonably failed to seek lesser-included offense instructions for class B felony trafficking and class C felony possession of a controlled substance, and failed to inform Movant of the possibility of such lesser-included instructions.

(b). Trial counsel unreasonably failed to call Brian French to testify at Movant's trial.

(c). Trial counsel failed to investigate and/or produce for the jury dash-cam video from the police car of Deputy Ryan Henley. Additionally and/or alternatively, the failure to disclose resulted in a *Brady* violation and a failure to comply with the State's discovery obligations under Supreme Court Rule 25.03.

(d). Appellate counsel unreasonably failed to assert on appeal that the trial court erred in overruling Movant's objections to evidence of other drugs and paraphernalia allegedly found in his car and on his person. Alternatively, trial counsel failed to adequately object to this evidence.

(e). Trial counsel unreasonably failed to object at trial to evidence of a scale found in Movant's car because the scales constituted more prejudicial than probative evidence of other uncharged bad acts.

(f). Appellate counsel failed to assert that the trial court erred in overruling Movant's objections to Deputy Chad Karr testifying that drugs are frequently transported in duffel bags and that the circumstances on the bar parking lot showed "a drug transaction of sorts." The testimony was specula-

tive and no adequate foundation was laid for it. Alternatively, trial counsel failed to adequately object to this testimony.

(g). Appellate counsel unreasonably failed to assert that the trial court erred in overruling Movant's objection to the testimony of Drug Enforcement Administration Agent Sean Henry regarding the value of the uncharged drugs, which constituted more prejudicial than probative evidence of other crimes.

(h). Trial counsel unreasonably failed to object to the testimony of Drug Enforcement Administration Agent Sean Henry's testimony that a courier would not drop off drugs like those in this case with someone other than the "intended recipient."

(i). Appellate counsel unreasonably failed to assert that the trial court erred in overruling Movant's objection to the testimony of Jasper County Sheriff's Deputy Chad Karr that the police "ha[d] dealt with [Movant] on prior occasions" in that his testimony constituted more prejudicial than probative evidence of other uncharged bad acts.

(j). Trial counsel unreasonably failed to timely seek a change of judge and change of venue.

(k). Trial counsel unreasonably failed to object to the State arguing Movant was a "trusted source."

(*l*). Pro se claims (pages 20-58 [of the amended motion]).

9. One claim from the original *pro se* motion— "Plain errors by the court"—had been redacted, and the pages detailing facts and analysis for that claim were not included.

458

Q. Now, your Pro Se Motion was attached as part of the Amended Motion, as far as your pro se aspects of your Motion is there anything you want the Court to know about that?

A. About the Pro Se Motion, just basically, like, my claims I have in there that I would like to have preserved for the record.

After the parties finished presenting evidence, no discussion, at least on the record, was had concerning the motions or claims to be decided by the motion court.

The motion court's **"FINDINGS OF FACT, CONCLUSIONS OF LAW, JUDGMENT ENTRY"** ("the findings") denied "the Motion to Set Aside and Vacate filed by Movant[, sic]" but it did not further describe the motion or motions at issue. Nothing in the findings addresses possible abandonment by post-conviction counsel. In terms of specific claims, the findings state that "[a]ll of [M]ovant's complaints concerning appellate counsel stem from her failing to raise certain points on appeal[,]" and "Movant failed to meet the burden of proof as to any of the allegations raised against appellate counsel."

In regard to Movant's assertions of ineffective assistance of trial counsel, the findings specifically addressed only trial "counsel's failure to call [Movant's] cousin as a witness" and to offer jury instructions on lesser included offenses. All other ineffective assistance of trial counsel claims are described in the findings as "numerous other points claiming ineffective assistance in a 'shotgun' approach." The findings further state that there is no evidence "in . . . these instances" that counsel "acted outside of the scope of what a competent

attorney would have done[,]" and Movant failed to present any evidence showing that Movant was "prejudiced by any of these actions." No other claims were specifically ruled in the findings.

### Analysis

■ The State agrees "that the motion court did not make any finding on the issue of abandonment[,]" but it argues that "[h]ere, as in **Childers**, all of [Movant's] claims have already been adjudicated" because all of the claims in the original *pro se* motion and in the amended *pro se* motion "were physically attached to, and thereby included in, the amended motion[.]"[10] Unfortunately, merely setting forth Movant's complaints is not the same as deciding them, and the record does not indicate that all of Movant's claims have been adjudicated.

The findings purportedly adjudicate what the motion court called "the Motion to Set Aside and Vacate filed by Movant[,]" but none of the motions filed, either *pro se* or by counsel, bear that title. The findings do not specifically address Movant's fourth claim in the amended *pro se* motion that his rights under the Fifth, Sixth, and Fourteenth Amendments were violated by the State's alleged failure to present evidence of the weight of the controlled substance attributable to Movant. The findings do not specifically address the fifth claim in the amended *pro se* motion that Movant was improperly sentenced under the prior offender statute based upon the nature of his previous convictions. And the findings do not refer to any claims other than ineffective assis-

10. The State appropriately describes the amended *pro se* motion as "timely filed[.]" *See Johnson,* 210 S.W.3d at 429-30, 434 (case remanded for additional findings of fact and conclusions of law on claims made in a sec-

ond *pro se* motion for post-conviction relief filed after the time for a *pro se* motion had expired and counsel was appointed, but before the due date for an amended motion for post-conviction relief by counsel).

tance of trial and appellate counsel, even though such claims were made by Movant.

We express no opinion as to the potential merit of any of the claims presented in any of the post-conviction motions filed in this case. We also do not determine whether Movant presented evidence relevant to each claim at the hearing. Rather, the threshold issue we must determine is whether all of Movant's timely *pro se* claims were preserved and adjudicated, and nothing in the findings indicates that *all* of Movant's *pro se* claims were "considered and *addressed* by the motion court." *Hicks*, 514 S.W.3d at 121 (emphasis added).

In such a situation, we have no choice but to reverse the motion court and remand the matter for further proceedings consistent with this opinion.

MARY W. SHEFFIELD, P.J.—CONCURS

GARY W. LYNCH, J.—CONCURS