JEFFREY W. BATES, J.
James Duke (Duke) appeals from an order denying his amended Rule 29.15 motion to set aside his convictions for first-degree murder and armed criminal action (ACA) after an evidentiary hearing. See §§ 565.020, 571.015.[1] Procedurally, Duke questions the timeliness of the amended motion. Substantively, he contends the motion court clearly erred in denying the claim that trial counsel was ineffective for failing to "call an expert in developmental psychology to aid in his defense." Because we conclude that the amended motion was timely filed and that Duke's single point lacks merit, we affirm.
In March 2010, Duke shot and killed Kody Ray (Victim) on Victim's front porch while his family was celebrating a child's birthday party inside the home. Duke claimed he acted in self-defense. He was 18 years old at the time.
He was charged with first-degree murder and ACA and tried by the court after waiving his right to a jury trial. The trial court found Duke guilty as charged and sentenced him to life without parole for first-degree murder and 30 years' incarceration for ACA. This Court affirmed Duke's convictions on direct appeal. See State v. Duke , 427 S.W.3d 336, 337 (Mo. App. 2014). Thereafter, Duke sought post-conviction relief. After an evidentiary hearing, the motion court denied relief. This appeal followed.
Timeliness of Duke's Post-Conviction Motions
Before we can address the merits of Duke's single point, we first must determine whether his pro se and amended motions for post-conviction relief were timely filed. See Moore v. State , 458 S.W.3d 822, 826-27 (Mo. banc 2015) ; Price v. State , 422 S.W.3d 292, 297 (Mo. banc 2014) ("appellate courts have a duty to enforce the mandatory time limits" for post-conviction claims). The following facts are relevant to the timeliness issue.
*360 After Duke's direct appeal, this Court issued its mandate on May 7, 2014. Duke filed his pro se Form 40 motion to vacate, set aside or correct the judgment on August 4, 2014, which was within the 90-day time period to do so. See Rule 29.15(b). Therefore, Duke's pro se motion was timely filed.[2]
On February 24, 2015, counsel was appointed to represent Duke and given 60 days to file an amended motion. When counsel entered his appearance, he requested an extension of 30 days, which the motion court granted. Counsel filed the amended motion on May 26, 2015.
The parties disagree about whether the amended motion was timely filed, relying on their different methods of calculating the filing deadline. Based upon our independent review of the record, the amended motion was timely filed. Because neither party's proposed calculation is correct, we deem it prudent to provide a detailed explanation of how we calculated the due date for the amended motion.
Rule 29.15(g) governs the time for filing an amended post-conviction motion. The rule specifies an initial deadline of 60 days, with one allowable extension of not more than 30 days:
If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of:
(1) the date both the mandate of the appellate court is issued and counsel is appointed or
(2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
The court may extend the time for filing the amended motion for one additional period not to exceed thirty days .
Id. (emphasis added); see Moore , 458 S.W.3d at 824-25. We also use Rule 44.01(a) in computing the filing deadline. See Vogl v. State , 437 S.W.3d 218, 221 n.3 (Mo. banc 2014) ; Mitchell v. State , 528 S.W.3d 454, 455 (Mo. App. 2017). This subpart of the rule states:
In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act , event, or default after which the designated period of time begins to run is not to be included . The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.
Rule 44.01(a) (emphasis added); see, e.g. , Moore , 458 S.W.3d at 825 n.2.
Here, mandate had issued and counsel had been appointed as of February 24, 2015. We exclude that day-"the day of the act" of appointment of counsel-from our calculation. See Rule 44.01(a). Therefore, February 25th was the first day of the time period for computing the amended motion's due date. Id. Counsel requested and received the one allowable 30-day extension. See Rule 29.15(g)(2). Therefore, counsel had 90 days from February 25th to file the amended motion. Id. The 90th day of that time period was Monday, May 25, *361 2015, Memorial Day.[3] Because that day was a legal holiday, however, the amended motion was due on the next business day: Tuesday, May 26th. See Rule 44.01(a).[4] The amended motion was filed that day, so it was timely.
Point 1
The motion court denied Duke's claim that trial counsel was ineffective for failing to present expert testimony to aid Duke's defense. Our review of the denial of a Rule 29.15 motion is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); Williams v. State , 168 S.W.3d 433, 439 (Mo. banc 2005). We will find clear error only if a full review of the record leaves us with a definite and firm impression that a mistake has been made. Zink v. State , 278 S.W.3d 170, 175 (Mo. banc 2009). The following facts are relevant to this point.
Duke's amended motion alleged that trial counsel, Dee Wampler (Wampler), was ineffective for failing to call "an expert witness to aid [Duke's] defense." The alleged factual basis for that claim was that counsel failed to locate and call an expert witness to testify "to the research in developmental psychology and neuroscience which continues to confirm adolescents' brains are not yet fully mature when an individual turns 18[.]" The motion identified an expert who could have testified that "Duke's brain was not yet fully mature in regions and systems related to higher-order executive functions such as impulse control, planning ahead, risk avoidance, and inability to assess consequences." Duke alleged that he was prejudiced because, had trial counsel called the expert, his testimony would have provided "an adequate defense of [Duke's] age and potentially reckless behavior" and "a reasonable probability of a different outcome of the trial."
At the evidentiary hearing, Duke presented Wampler's testimony. Counsel testified that his theory of the case was that Duke was acting in self-defense because he believed Victim was pulling a weapon from behind his back when Duke shot Victim. Counsel investigated Duke's background, including his educational and employment history. He confirmed that Duke had passing grades, graduated high school and held a job. After reviewing his file, Wampler testified that he had obtained a court-ordered *362 evaluation of Duke. The evaluation showed no mental disease or defect excluding responsibility. Although Duke had a "horrible substance abuse history," including on the day of the offense, and some mental problems, Wampler did not believe that Duke had a "mental disease defense" due to his voluntary ingestion of drugs.
At the evidentiary hearing, Duke also submitted a deposition of Dr. Sandi Isaacson, a clinical psychologist. Dr. Isaacson generally testified that "brains continue to develop up until approximately age 25" and that people between ages 18 and 25 tend to be "fairly impulsive and reckless." The doctor testified that neither she-nor the science as a whole-had the ability to state what stage of development Duke's brain was in at age 18, but that testing at the time may have been able to provide "some idea of this person's development, and level of maturity, and ability to think, and reason and function." Dr. Isaacson would have been willing to testify to these things had Wampler contacted her.
On cross-examination, however, Dr. Isaacson conceded that the only case document she reviewed was Duke's brief on direct appeal. If she had actually conducted an evaluation of Duke, she would have reviewed the underlying record in the criminal case and conducted tests of Duke before making any determination of his brain development. Because none of this was done, she could not draw any conclusion as to Duke's developmental maturity at the time of the crime.
Thereafter, the motion court denied post-conviction relief. The court decided Wampler was not ineffective for failing to call Dr. Isaacson as a witness because: (1) Dr. Isaacson's testimony would not have been admissible because she testified only in generalities and never opined that Duke suffered from any mental disease or defect or had diminished capacity at the time of the offense; and (2) trial counsel did have Duke evaluated and concluded there were no legal or factual bases to pursue a diminished capacity defense under Chapter 552.
Duke contends the motion court clearly erred by denying this claim. To prevail on a claim of ineffective assistance of counsel, Duke must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) Duke was thereby prejudiced. See Strickland v. Washington , 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Duke bore the burden of proving the grounds asserted in his post-conviction motion by a preponderance of the evidence. See Rule 29.15(i); McLaughlin v. State , 378 S.W.3d 328, 337 (Mo. banc 2012). We presume the motion court's findings and conclusions are correct. McLaughlin , 378 S.W.3d at 336-37.
According to Duke, trial counsel was ineffective for failing to call Dr. Isaacson to testify that Duke could not have deliberated because he was only 18 years old, and his brain was not sufficiently developed to permit him to deliberate. We find no merit in this argument.
To succeed on a claim of ineffective assistance of counsel for failing to call a witness, a movant must demonstrate, inter alia , that the witness' testimony would provide the movant with a viable defense. McIntosh v. State , 413 S.W.3d 320, 328 (Mo. banc 2013). The decision not to call a witness to testify is presumptively a matter of trial strategy and will not support a movant's claim of ineffective assistance of counsel unless the movant clearly establishes otherwise. Id. When a witness' testimony would not "unqualifiedly support" the movant, the failure to call that witness is not ineffective assistance of counsel. Worthington v. State , 166 S.W.3d 566, 577 (Mo. banc 2005).
*363 Duke is not entitled to relief because the proposed testimony would not have provided a viable defense. A diminished-capacity defense is only available under Missouri law if supported by evidence of a mental disease or defect relevant to the existence of a required culpable mental state. State v. Knight , 355 S.W.3d 556, 559 (Mo. App. 2011) ; see also §§ 552.010, 552.015. "In order to prevail on a diminished capacity defense, a defendant must introduce evidence that he or she suffered from a mental disease or defect[.]" Nicklasson v. State , 105 S.W.3d 482, 484-85 (Mo. banc 2003). Here, Duke failed to present any admissible evidence that he suffers from a mental disease or defect. Dr. Isaacson testified only as to generalities. She never opined that Duke suffered from any mental disease or defect, or had diminished capacity at the time of the offense. In point of fact, Dr. Isaacson could not draw any conclusions as to Duke's developmental maturity at the time of the crime because she had not: (1) conducted an evaluation of Duke; (2) reviewed the underlying record in the criminal case; or (3) performed any tests on Duke to make any determination of his brain development. Furthermore, Wampler's investigation of Duke's mental faculties was sufficient. Counsel obtained a mental evaluation of Duke. The evaluation showed that he did not have any mental disease or defect excluding responsibility. The duty to investigate does not force defense lawyers to "scour the globe on the off-chance something will turn up[.]" Davis v. State , 486 S.W.3d 898, 906 (Mo. banc 2016). Reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste. Id. We conclude that the motion court did not clearly err by denying relief. Because Duke presented no admissible evidence in support of this claim, he failed to meet his burden of proof. Accordingly, Point 1 is denied.
After reviewing the entire record, we do not have a definite and firm impression that a mistake was made. Therefore, the findings and conclusions of the motion court are not clearly erroneous. See Rule 29.15(k); Williams , 168 S.W.3d at 439. The motion court's order denying Duke's amended Rule 29.15 motion is affirmed.
DANIEL E. SCOTT, J.-CONCUR
WILLIAM W. FRANCIS, JR., J.-CONCUR

All rule references are to Missouri Court Rules (2014). All statutory references are to RSMo (2000).

According to post-conviction counsel, Duke's August 2014 pro se motion was "mistakenly filed in criminal case" and the post-conviction proceeding was "opened using that original filing" on February 23, 2015.

We take judicial notice that May 25, 2015 was Memorial Day, a legal holiday. See State ex rel. Missouri Highway & Transp. Comm'n v. Overall , 73 S.W.3d 779, 782 (Mo. App. 2002) (appellate courts may "take judicial notice of calendars and dates on which a particular day of the week fell"); Harmon v. Schultz , 723 S.W.2d 945, 946 (Mo. App. 1987) (taking judicial notice of legal holidays and the days upon which they fell).

Duke's calculation of the due date (May 25th) was wrong because that day was a legal holiday. The State's calculation of the due date (May 27th) was wrong because it assumed the 60-day time period had to be separately computed first, extended because it ended on a Saturday, and the final 30 days added to the end of that extended period. It is only when the final day of that 90-day period falls on a Saturday, Sunday or legal holiday that the time period is extended pursuant to Rule 44.01(a). See, e.g. , Creighton v. State , 520 S.W.3d 416, 418 (Mo. banc 2017) (when a motion court extends the 60-day deadline for one additional period not to exceed 30 days, "a movant can have up to ninety days to file a timely amended motion"); Southern v. State , 522 S.W.3d 340, 342 (Mo. App. 2017) (after the grant of a 30-day extension, the 90-day period is counted continuously from the day after counsel's appointment); Usry v. State , 504 S.W.3d 815, 816 (Mo. App. 2016) (counting 30 more days from 60th day to reach 90 days); Price v. State , 500 S.W.3d 324, 327 (Mo. App. 2016) (after appointment and an extension, the "amended motion was due a maximum of 90 days later").