

# Missouri Court of Appeals
## Southern District

### In Division

RANDALL OWENS,                    )
                                  )
    Movant-Appellant,        )
                                  )
v.                                )    No. SD37515
                                  )    Filed:  August 10, 2023
STATE OF MISSOURI,                )
                                  )
    Respondent-Respondent.   )

APPEAL FROM THE CIRCUIT COURT OF PEMISCOT COUNTY

Honorable W. Keith Currie, Associate Circuit Judge

## VACATED AND REMANDED WITH INSTRUCTIONS

Randall Owens (Owens) appeals from an order denying his amended Rule 29.15 motion to set aside his convictions for the following three counts:  first-degree assault as a class A felony (Count 1); first-degree assault as a class B felony (Count 2); and unlawful use of a weapon (Count 3).  *See* § 565.050; § 571.030.[1]  Because Owens' amended motion was untimely filed by his appointed counsel, we vacate the order and remand to the motion court to conduct an abandonment inquiry.

---

[1]  All rule references are to Missouri Court Rules (2017).  All statutory references are to RSMo (2000).

## Factual and Procedural Background

Owens was charged by a second-amended information with the aforementioned three counts for events that occurred in October 2014.  The three counts alleged that Owens:  (1) knowingly caused serious physical injury to a male victim by shooting him; (2) pointed a "high powered air rifle" (the rifle) at a female victim and pulled the trigger;[2] and (3) knowingly exhibited, in the presence of both victims, the rifle, a weapon capable of lethal use, in an angry or threatening manner.

Owens was also charged as a prior offender.  Prior to trial, the court found Owens to be a prior offender beyond a reasonable doubt.

A jury trial was held in November 2015.  The jury found Owens guilty as charged.  In January 2016, the trial court sentenced Owens as a prior offender to imprisonment terms of 15 years on Count 1, 10 years on Count 2, and four years on Count 3.  These sentences were ordered to run concurrently.

This Court affirmed Owens' convictions and sentences on direct appeal by order and statement in *State v. Owens*, SD34318 (Mo. App. filed March 2, 2017).  Our mandate issued on March 20, 2017.

On June 13, 2017, Owens filed an original motion seeking relief pursuant to Rule 29.15.  The next day, the motion court appointed a public defender to represent Owens.  The court also granted an extension of 30 days to file an amended motion.  Appointed counsel filed the amended motion on September 13, 2017.

The amended motion presented three claims alleging that Owens received ineffective assistance of trial counsel.  After a hearing, at which Owens and his trial counsel testified,

---

[2]  The rifle "clicked," but "didn't shoot[.]"

2

the motion court denied each claim on the merits.  The motion court did not conduct an independent inquiry as to whether Owens' post-conviction motions were timely filed.  This appeal followed.

## Discussion and Decision

On appeal, Owens presents three points challenging the motion court's denial of each of his claims of ineffective assistance of counsel.  Before we can address the merits of Owens' points, however, we first must determine whether his original and amended motions for post-conviction relief were timely filed.  *See Moore v. State*, 458 S.W.3d 822, 826-27 (Mo. banc 2015).  "The time limits for filing a post-conviction motion are mandatory." *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014).  Appellate courts have a duty to enforce the mandatory time limits for post-conviction claims.  *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014); *see Briggs v. State*, 621 S.W.3d 614, 617 (Mo. App. 2021) (we must enforce mandatory rules created by the Supreme Court of Missouri).  While both Owens and the State assert that Owens' appointed counsel timely filed the amended motion on the last day it was due, we disagree.

As an initial matter, Owens' original motion was timely filed.  According to Rule 29.15(b), effective until July 1, 2017, Owens had to file his original motion "within 90 days after the date the mandate of the appellate court" issued, which in this case was March 20, 2017.  *See id*.  Owens' original motion, filed on June 13, 2017, was filed 85 days after mandate.  That was within the 90-day deadline.[3]

---

[3] The version of Rule 29.15 – effective *until* July 1, 2017 – is the first of two versions of the rule in Missouri Court Rules (2017).  The other version is effective *on* July 1, 2017 and thereafter.  The first version of Rule 29.15 applies to Owens' June 2017 filing and January 2016 sentencing.  *See id*.; Rule 29.15(m).

The amended motion filed by appointed counsel, however, was not timely. Rule 29.15(g) governs the time for filing an amended post-conviction motion. The rule specifies an initial deadline of 60 days, with one allowable extension of not more than 30 days:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within *60 days* of the earlier of the date both the *mandate* of the appellate court is issued and:
>
> (1) *Counsel is appointed*, or
>
> (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
> ….
> The court may extend the time for filing the amended motion for *one additional period not to exceed 30 days*.

*Id*. (emphasis added); *see Moore*, 458 S.W.3d at 824-25. We also use Rule 44.01(a) in computing the filing deadline. *Vogl v. State*, 437 S.W.3d 218, 221 n.3 (Mo. banc 2014); *Mitchell v. State*, 528 S.W.3d 454, 455 (Mo. App. 2017). Rule 44.01(a) addresses when to begin and end the time computation:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, *the day of the act*, event, or default after which the designated period of time begins to run *is not to be included*. The last day of the period so computed is to be included, *unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day* which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

*Id*. (emphasis added); *see, e.g.*, *Moore*, 458 S.W.3d at 825 n.2.

Here, mandate had issued and counsel had been appointed as of June 14, 2017. We exclude that day – "the day of the act" of appointment of counsel – from our calculation. *See* Rule 44.01(a). Therefore, June 15th was the first day of the time period for computing

4

the amended motion's due date. *Id*. Counsel requested and received the one allowable 30-day extension. *See* Rule 29.15(g). Therefore, counsel had 90 days from June 15th to file the amended motion. *Id*. The 90th day of that time period was Tuesday, September 12, 2017. Counsel filed the amended motion Wednesday, September 13th – one day too late, on the 91st day after appointment.

Calculation of the due date as September 13th was wrong because appointed counsel assumed the 60-day time period had to be separately computed first. *See **Duke v. State***, 545 S.W.3d 358, 361 n.4 (Mo. App. 2018). Because the 60-day period ended on a Sunday, counsel incorrectly extended the 60-day deadline one day to the following Monday, and then added the final 30 days. It is well settled, however, that after the grant of a 30-day extension, the 90-day period is counted continuously from the day after counsel's appointment. *Id*. "It is only when the final day of that **90-day period** falls on a Saturday, Sunday or legal holiday that the time period is extended pursuant to Rule 44.01(a)." *Duke*, 545 S.W.3d at 61 n.4 (emphasis added); ***Borneman v. State***, 554 S.W.3d 535, 540 n.5 (Mo. App. 2018); *see, e.g.*, ***Creighton v. State***, 520 S.W.3d 416, 418 (Mo. banc 2017) (when a motion court extends the 60-day deadline for one additional period not to exceed 30 days, "a movant can have up to ninety days to file a timely amended motion"); ***Price v. State***, 500 S.W.3d 324, 327 (Mo. App. 2016) (after appointment and an extension, the "amended motion was due a maximum of 90 days later"). Because counsel filed the amended motion 91 days after appointment, it was one day late, and therefore, untimely filed.

"[W]hen an amended motion is untimely filed, the record creates a presumption that counsel failed to comply with the rule because the filing of the amended motion indicates that counsel determined there was a sound basis for amending the initial motion but failed to file the amended motion timely." ***Moore v. State***, 458 S.W.3d 822, 825 (Mo. banc 2015).

5

As such, the motion court has a duty to undertake an independent inquiry to determine if abandonment occurred. *Id*.; *Vogl*, 437 S.W.3d at 228-29. "If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." *Moore*, 458 S.W.3d at 825. "If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing." *Id*. at 826. Where the record does not demonstrate the motion court conducted the necessary inquiry, the appropriate course of action is to remand the case for an inquiry into the issue of abandonment. *Id*.; *Wright v. State*, 634 S.W.3d 698, 703 (Mo. App. 2021); *Southern v. State*, 522 S.W.3d 340, 342 (Mo. App. 2017). Accordingly, we vacate the order denying post-conviction relief and remand to the motion court to conduct an abandonment inquiry.[4]

JEFFREY W. BATES, J. – OPINION AUTHOR

---

[4] Lastly, we note an error in the underlying trial court's judgment that neither party raised. That judgment states that Owens was found, beyond a reasonable doubt, to be both a prior *and* persistent offender. The record shows that Owens was found to be a prior offender only, and he was sentenced accordingly. Because this Court is expressly limited by Rule 29.15(k) to review the motion court's order only, not the trial court's judgment, an order remanding the case to the trial court for a judgment *nunc pro tunc* is beyond our authority. *Butler v. State*, 557 S.W.3d 427, 439 (Mo. App. 2018). Further, "[c]laims not raised in a Rule 29.15 motion are waived on appeal." *Dorsey v. State*, 448 S.W.3d 276, 284 (Mo. banc 2014); *see Butler*, 557 S.W.3d at 439 (because movant's amended motion did not include a request for remand to correct the judgment *nunc pro tunc*, he waived that request on appeal, and the issue is not properly before us). It is Owens, however, who has an avenue to correct the error in his judgment. *Butler*, 557 S.W.3d at 439. "Courts retain jurisdiction to correct their judgments *nunc pro tunc* under their independent jurisdiction over their own records." *Id*.; Rule 29.12(c). Therefore, Owens may "file a request in the trial court in the underlying criminal case to correct its record *nunc pro tunc*, and, should that court conclude that the error was clerical, the court has the authority to make the correction itself." *Butler*, 557 S.W.3d at 439; Rule 29.12(c).

JACK A. L. GOODMAN, C.J. – CONCUR

JENNIFER R. GROWCOCK, J. – CONCUR

7