

# In the
# Missouri Court of Appeals
# Western District

BRANDON SCOTT MORSE,

              **Appellant,**

v.

STATE OF MISSOURI,

              **Respondent.**

**WD83654**

**OPINION FILED:**

**March 30, 2021**

---

**Appeal from the Circuit Court of Clay County, Missouri**
**The Honorable Kathryn Elizabeth Davis, Judge**

**Before Division One:**
**Alok Ahuja, P.J., Thomas H. Newton, and Thomas N. Chapman, JJ.**

Brandon Morse appeals the Clay County Circuit Court's denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. In four points on appeal, Morse asserts that the motion court clearly erred in denying his motion because it failed to make findings of fact and conclusions of law on his four claims of ineffective assistance of counsel. The State concedes the points. The judgment is reversed, and the case is remanded with directions.

**Background**[1]

On December 11, 2013, Paul Wyrick arrived home from work at approximately 5:00 p.m. He parked his Jeep Cherokee, license number DH1-M3T, in the parking lot of his apartment complex in Gladstone. Around 7:00 a.m. the following morning, Wyrick discovered his Jeep was missing, although he had both sets of keys to the vehicle in his possession. He contacted the police and reported that his vehicle was stolen.

On December 12, 2013, at approximately 5:42 p.m., Detective Curtis Duvall was driving in Liberty when he saw a Jeep Cherokee traveling behind him at a high rate of speed down the middle of the road. Duvall swerved to avoid the Jeep Cherokee as it passed him, and he saw several other drivers swerve to avoid a collision with the Jeep. Moments later, Duvall saw the Jeep Cherokee collide head-on with another car, severely injuring the driver of that car. The Jeep Cherokee burst into flames.

Michael Sweet, a truck driver, stopped to assist at the accident scene. He found a white male unconscious in the driver's seat of the Jeep Cherokee. Sweet walked around the Jeep to determine if anyone else was in the vehicle, but he did not see any passengers inside. Sweet helped the driver out of the Jeep. The Jeep's driver was identified as Morse and taken to a local hospital.

After responding to the accident, the police called Wyrick to inform him that his vehicle was involved in an accident. Wyrick identified the Jeep Cherokee that Morse was driving, license number DH1-M3T, as his vehicle. The State subsequently charged Morse with second-degree assault and first-degree tampering. A jury trial was held. The jury found Morse guilty of

---

[1] The underlying facts regarding Morse's convictions are taken directly from the memorandum issued in Morse's direct appeal, *State v. Morse*, 527 S.W.3d 167 (Mo. App. W.D. 2017), without further attribution.

both charges.  Morse was sentenced, as a prior and persistent offender, to two consecutive terms of 15 years' imprisonment.  This court affirmed Morse's convictions and sentences on direct appeal.  *State v. Morse*, 527 S.W.3d 167 (Mo. App. W.D. 2017).

On November 9, 2017, Morse filed a timely *pro se* Rule 29.15 motion for post-conviction relief.  Appointed counsel filed an amended motion on Morse's behalf.  The amended motion alleged four claims:  (1) that appellate counsel was ineffective for failing "to challenge the trial court admitting…the testimony of…Jereme Brown, and evidence regarding accident reconstruction and the point of impact when he was not an expert"; (2) that appellate counsel was ineffective for "failing to challenge the trial court admitting…the opinion testimony of…Jereme Brown, as to the point of impact and location of the collision"; (3) that trial counsel was ineffective for "failing to properly object to the testimony and evidence of…Jereme Brown, as being inadmissible on the basis that expert testimony on the issue of accident reconstruction specifically regarding the point of impact is inadmissible"; and (4) that appellate counsel was ineffective for failing "to challenge the trial court's refusal to give the jury Mr. Morse's Instruction #B for second degree tampering as the nested lesser included offense of first degree tampering."

The motion court held an evidentiary hearing on the motion on November 1, 2019.  Appellate counsel testified at the hearing, and Morse presented several exhibits, including trial counsel's deposition.

On November 18, 2019, the motion court denied Morse's Rule 29.15 motion for post-conviction relief without issuing findings of fact and conclusions of law.  In a docket entry, the

motion court stated, "Movant's Motion to vacate, set aside or correct Judgment is denied KED/ap."

On November 26, 2019, Morse filed a motion to amend the judgment, asserting that "[t]he Judgment does not include and the Court has not issued findings of fact and conclusions of law on all issues presented as required by law." The motion court did not rule on the motion to amend the judgment, and by Rule 78.06, the motion was overruled on February 24, 2020. This appeal by Morse followed.

**Discussion**

Morse raises four points on appeal asserting that the motion court clearly erred in denying his motion for post-conviction relief because it failed to make findings of fact and conclusions of law on his four claims as required by Rule 29.15(j). The State concedes that the judgment must be reversed, and the case remanded for findings of fact and conclusions of law in compliance with Rule 29.15(j).

Appellate review of denial of post-conviction relief is limited to determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Price v. State*, 422 S.W.3d 292, 294 (Mo. banc 2014). "Findings of fact and conclusions of law are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Price*, 422 S.W.3d at 294 (internal quotes and citation omitted).

Rule 29.15(j) provides, in pertinent part, that "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." The rule is not ambiguous in this directive, and its requirements are not a mere formality. *Ayres v. State*, 62

4

S.W.3d 629, 630 (Mo. App. E.D. 2001). "While there is no precise formula to which findings of fact and conclusions of law must conform, they must address all of the issues raised and be sufficiently specific to allow for meaningful appellate review." *Grimes v. State*, 260 S.W.3d 374, 375 (Mo. App. W.D. 2008) (internal quotes and citation omitted). A motion court's failure to issue findings of fact and conclusions of law may be excused in certain limited circumstances. *See Watson v. State*, 545 S.W.3d 909, 915 n.7 (Mo. App. W.D. 2018). However, none of the recognized exceptions to the requirement for explicit findings and conclusions applies in this case.

The motion court's docket entry in this case provides this court with no basis for meaningful appellate review. To review the motion court's ruling would require this court to furnish findings of fact and conclusions of law by implication, thereby engaging in *de novo* review, which is not permitted under Rule 29.15(k). *Grimes*, 260 S.W.3d at 376; *Ayres*, 62 S.W.3d at 630.

The judgment is reversed, and the case is remanded to the motion court for findings of fact and conclusions of law on Morse's claims that comply with Rule 29.15(j).


/s/ *Thomas N. Chapman*
Thomas N. Chapman, Judge


All concur.

5